JOHN W. CARTER v. THOMAS M. HENRY, AUDITOR OF PUBLIC
ACCOUNTS.

[39 South. Rep., 690.]

CONSTITUTIONAL LAW. *Constitution* 1890, *sec.* 72. *Governor.* *Time.*
*Day.*

> Under Constitution 1890, sec. 72, providing that if any bill,
> passed by the legislature and presented to the governor, shall
> not be returned by him within five days (Sunday excepted) after
> it has been presented, it shall become a law, unless the legisla-
> ture, by adjournment, prevent its return, in which case it shall
> be a law unless sent back within three days after the beginning
> of the next session:

> (*a*) The day on which the bill is presented to the governor for
> action is to be excluded in determining the time within which he
> is required to return or approve it, in the absence of a statute
> regulating the subject;

> (*b*) The word "day" means the full day of twenty-four hours; and

> (*c*) The governor can put a bill into effect as a law, before the
> expiration of the full time given him for its consideration, only
> by approving it.

FROM the circuit court of, first district, Hinds county.

HON. DAVID M. MILLER, Judge.

Carter, the appellant, was plaintiff in the court below; Henry,
auditor, etc., the appellee, was defendant there.

The legislature of 1904 (Laws 1904, ch. 57, p. 47) passed a
bill for the relief of J. W. Carter, former sheriff of Kemper
county, donating to him the sum of $740.06 to "reimburse him
for said amount paid into the state treasury through a collection
made by the revenue agent in November, 1900." Upon applica-
tion of Carter to Henry, auditor of public accounts, for a war-
rant on the treasurer for said amount, the auditor refused to
issue the warrant; whereupon Carter filed in the circuit court
a petition for a writ of mandamus to compel the auditor to issue

him a warrant for the amount.    The auditor filed several pleas·
to the petition, challenging the constitutionality of the pretended
act of the legislature, setting up the facts upon which his con-
tention that it had not become a law were based, and averring that
the bill had not been signed by the governor, and had not become
a law by operation of the constitution, since the time limit of five
days for its consideration by the governor had not expired when
the legislature adjourned, and consequently had not expired
when the suit was brought.    The petitioner demurred to the
pleas of the auditor.    The court sustained all the demurrers
except the one which called in question the existence of the law,
which was overruled, the court holding that the bill in question
had never become a law, and dismissing the petition.    From
such judgment Carter appealed to the supreme court.

The governor's action on the bill in question is shown by the
following communication addressed by him to the legislature:

"EXECUTIVE DEPARTMENT,

"JACKSON, MISS., March 22, 1904.
*"To the Senate and House of Representatives:*
"I have considered senate bill No. 224, entitled 'An act to
make appropriation out of the funds of the state treasury for the
relief of J. W. Carter, of Kemper county, and to authorize and
empower the board of supervisors of Kemper county to allow the
claim of the said J. W. Carter and in its discretion to provide
for the payment of the same,' and herewith return it without my
signature.    There must be equities in this bill which I have
been unable to discover, judging from the action of the legis-
lature upon it.    For that reason, and fearing that an injustice
might be done a private citizen, I have refrained from using the
veto, but have determined to defer to the decision of the legis-
lature and permit the bill to become a law without the governor's
signature.

"I am unalterably opposed to this character of legislation, and

I wish to call the attention of the legislature to the pressing necessity for enacting a general law providing for the settlement of all such cases by the courts of the state.    The courts are organized and sit in the counties where the parties to the controversy usually reside and the issues arise, and, therefore, if given authority by the legislature, can better obtain the facts and in the determination can approach nearer absolute justice than any other tribunal.    The iniquity of local and private legislation was emphasized by the constitutional convention of 1890, and time has only demonstrated the wisdom of the constitutional convention on that subject.

"Respectfully,

"JAMES K. VARDAMAN, *Governor*."

Other facts are stated in the opinion of the court.

*Neville & Wilbourn,* for appellant.

In *Beaudean* v. *City,* 71 Mo., 397, the court applied a statutory rule of computation of time to the construction of a constitutional provision.    The statute of Missouri required the first day to be excluded in the computation of time when *Beaudean* v. *City* was decided.    *Reynolds* v. *Railroad Co.,* 64 Mo., 70.

In *Price* v. *Whitman,* 8 Cal., 412, it will be noticed that the court took occasion to say that the rule adopted in that case accords with the rule of practice in the civil courts of California. In the later case of *Iron Co.* v. *Haight,* 39 Cal., the court are significantly silent as to whether or not they approve of the reasoning of *Price* v. *Whitman,* and offer as an excuse for following it that *Price* v. *Whitman* had been decided for twelve years, during which, though important amendments to the constitution and laws had been made, no different rule had been established. California Code 1872, sec. 12, requires the first day to be excluded in computing time under that section, but we are unable to say that that statute or a similar one was in force when the two California cases referred to were decided.

We ask the court to read *Hart* v. *Nixon,* 25 La. Ann., 136, as indicating the trend of the statutes and decisions of Louisiana, in considering the force and effect of the decision in *State* v. *Michel,* 52 La. Ann., 936. We are unable to say what was the statutory rule of computation of time in Louisiana at the time of the decision in *State* v. *Michel.*

We do not think that the case of *People* v. *Hatch,* 33 Ill., 135, necessarily involves the decision of the question in the case at bar.

In the Hatch case there was clearly no legislature at all in session from June 10, 1863. The bill was presented to the governor on June 12th, was vetoed and returned by him to the presiding officer of the senate on the 19th of June, safely within the time limit, while that officer was at his home engaged about his private affairs, there being no legislature in session to which the bill could be returned, and only three or four members reassembled on June 23 and 24, 1863. The question in the case at bar was not squarely before the court in the Hatch case.

Indeed, none of the cases relied on by appellee as to the computation of time are exactly in point. In all of them the governor vetoed the measure. In none of them was the court called upon to say whether or not the constitutional period had expired in a case where the legislature was in session on the day held to be the last day of the period allowed the governor, but adjourned before midnight of that day. Unlike all the cases relied on by appellee, the case at bar is unique in this: that the bill was not vetoed by the governor and that the governor expressly stated to the legislature before final adjournment that he did not intend to veto it; that the legislature was actually in session until 12:45 P.M., on what would be the fifth and last day under the count most strongly in favor of the appellee; and that the appellee asks the court to disregard the fraction of the day the legislature was in session on the 22d of March, 1904, because that body did not sit until midnight of that day, and in effect to exclude

---

---

that day as well as the day of the presentation of the bill to the governor from the count, while appellant asks that, if the day of the presentation to the governor is to be excluded from the count, then no notice whatever be taken of the fraction of the 22d of March, 1904, that the legislature was not in session, but that the day be counted as an entirety and just as if the legislature had remained in session until midnight of that day.

We ask the court to consider particularly *Tarlton* v. *Peggs,* 18 Ind., 24; *In re Soldiers' Voting Bill,* 45 N. H., 610; *Arnold* v. *United States,* 9 Cranch., 104.

*Green & Green,* for appellee.

[The brief of counsel for appellee was lost or withdrawn from the record before it came to the hands of the reporter.]

Argued orally by *R. E. Wilbourn,* for appellant; and by *G. W. Green,* for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

The bill under review originated in the senate, which duly passed it, and it was then passed by the house, and was, on March 16, 1904, presented to the governor for action. March 20, 1904, came on Sunday. The legislature adjourned *sine die* on March 22, 1904, at 12:45 P.M. On that day (March 22) the governor sent the message in the case to the senate; but the governor's private secretary, who had the bill in his possession, conceived that the bill should be handed to the secretary of state, and did so deliver the bill to the secretary of state, but delivered the message to the senate while in session. The secretary of state marked on the bill that the same had been received by him on March 22, 1904, and then, acting under the belief that the bill had become a law, placed the same in the acts of 1904, but made no entry to that effect on the bill itself. The senate took no further action on the bill.

The first proposition, and the one which, we think, disposes of the case, is that the time limit in which the governor could consider the bill had not expired when the legislature adjourned.

Section 72 of the constitution provides as follows:

"Every bill which shall pass both houses shall be presented to the governor of the state. If he approve, he shall sign it; but if he do not approve, he shall return it, with his objections, to the house in which it originated, which shall enter the objections at large upon its journal, and proceed to reconsider it. If, after such reconsideration, two-thirds of that house shall agree to pass the bill, it shall be sent, with the objections, to the other house, by which, likewise, it shall be reconsidered, and if approved by two-thirds of that house, it shall become a law; but in all such cases the votes of both houses shall be determined by yeas and nays, and the names of the persons voting for and against the bill shall be entered on the journal of each house, respectively. If any bill shall not be returned by the governor within five days (Sundays excepted) after it has been presented to him, it shall become a law in like manner as if he had signed it, unless the legislature, by adjournment, prevent its return, in which case it shall be a law, unless sent back within three days after the beginning of the next session of the legislature. No bill shall be approved when the legislature is not in session."

There is no rule for the computation of time fixed by any statute of this state which applies to this case. The settled rule of construction is, in the absence of a statute, that the day upon which the bill is presented shall be excluded. *Beaudean* v. *City,* 71 Mo., 397; *People* v. *Hatch,* 33 Ill., 135; *State* v. *Michel,* 52 La. Ann., 936 (27 South. Rep., 565; 49 L. R. A., 218; 78 Am. St. Rep., 364); Opinions of Justices, 45 N. H., 610.

The constitutional limit of time construed in these cases is very similar to that in the case at bar. On an examination of these authorities we are clearly of the opinion that the word "day," in a constitutional provision such as this, means a full

day of twenty-four hours. Applying this principle to the facts of this case, it is obvious that the governor did not have a full day on the 22d of March in which to consider the bill, and the adjournment of the legislature at 12:45 o'clock P.M. of that day deprived the governor of the full day, in the constitutional sense, which he was entitled to, in which to act upon the bill. Consequently this bill did not become a law at the session of the legislature of 1904, and could not become a law unless the governor failed to return it within three days after the meeting of the present legislature. The governor having, under the constitutional provision (sec. 72), three days after the meeting of this session of the legislature in which to consider the return of the bill, the result reached by the learned circuit judge is correct.

*Therefore the judgment is affirmed.*