# CASES ARGUED AND DETERMINED

## IN THE

# SUPREME COURT OF MISSISSIPPI

## AT THE

## MARCH TERM, 1923.

O'QUINN v. STATE.

[95 South. 513. No. 23178.]

1. TIME. *Day, under law that indictment must be delivered accused one entire "day" before trial, begins at twelve o'clock midnight and ends twelve o'clock the next night.*

   Under section 1481, Code 1906 section (1329, Hemingway's Code), requiring that on demand the state furnish the defendant a copy of the indictment and list of the special venire "at least one entire day" before the trial it was error to proceed to trial, where the copies were furnished at nine thirty a. m. one day and the trial proceeded at nine thirty a. m. the next day, because the statute means that the day commences at twelve o'clock midnight and ends at twelve o'clock the next night.

2. TIME. *Service of indictment on accused must be made one clear day before trial.*

   Under the statute above, the day of service of the process is not to be counted in determining an entire day, nor can fragments of two days be added together so as to make the entire day intended by the statute.

Appeal from circuit court of Wilkinson county.

HON. R. L. CORBAN, Judge.

Ida O'Quinn was convicted of murder, and she appeals. Reversed and remanded.

*David C. Bramlette,* for appellant.

The trial of this case was ordered for October 26, 1922, about thirty-six hours after the difficulty occurred and

(511)

about twenty-four hours after the death of deceased, and would have been held on that date had appellant not demanded a special venire.

However, as will be subsequently shown, the trial was still making faster time than the "Panama Limited" between New Orleans and Chicago or the "Century" between Chicago and New York. The court below no doubt misconceived the constitutional mandate of a "speedy trial," which was inserted by the constitutional fathers to efface the picture in their minds of prisoners languishing in prison for days, weeks, months and even years without the opportunity of establishing their innocence. This condition, it could hardly be charged, existed in the case of appellant. In fact, the fathers of the constitution had never heard of the case of the *State of Mississippi* v. *Ida O'Quinn*. As a matter of interest, it might be mentioned that this court has defined the term, "speedy trial," in *Nixon* v. *State*, 21 Sm. & M. 467, 41 Am. Dec. 601.

As stated, appellant made a proper demand for a special venire, and before the drawing thereof was completed, appellant made a proper demand and motion that a copy of the indictment and a list of the special venire summoned for her trial be delivered to her or her counsel at least one entire day before the trial of this cause in accord with the law. At middle page 11, record, it is shown that this delivery was made to appellant's counsel at nine thirty a.m. October 27, 1922.

On the morning of October 29, 1922, the day the trial was held, appellant made an application for a continuance to a later day of the term because "she has not had a copy of the indictment and list of the special venire summoned for her trial, delivered to her or her counsel at least one entire day before said trial, the same being ordered for the morning of this day, October 28, 1922, at nine-thirty a. m. the said copy of the indictment and list of special venire summoned having been served on her counsel at nine-thirty a. m. October 27, 1922." This application was denied.

This cause coming on for trial on October 28, 1922, appellant objected to going to trial that day for the reason as set out in her application for a continuance and "particularly because of the fact defendant nor her counsel has not been served with a copy of the indictment and list of special venire in this case as provided by law," which objection was overruled.

Section 1239, Hemingway's Code, provides: "Any person indicted for a capital crime shall, if demanded by him, in writing, before the completion of the drawing of the special venire, have a copy of the indictment and a list of the special venire summoned for his trial, delivered to him or his counsel, at least one entire day before said trial." The requirements of this statute in the court below were disregarded. *Boatwright* v. *State,* 120 Miss. 883.

In the *Boatwright case, page* 803, Mr. Justice HOLDEN especially concurring said: "In the case at bar I do not think that the first day, Saturday, or the last day, Monday, which was the day of trial, can be counted as an 'entire day,' because the first and last days here were fragments of days, and not an entire day, as provided by the statute (section 1481, Code of 1906.)"

Mr. Chief Justice SMITH and Mr. Justice SYKES, page 900, said: "The day therein contemplated in a 'clear' day of twenty-four hours (*Carter* v. *Henry,* 87 Miss. 411, 39 So. 690, 6 Ann. Cas. 715), begins at twelve o'clock midnight, ends at twelve o'clock on the night following (*Robertson* v. *State,* 43 Ala. 325; 17 C. J. 1131) . . . "And further, bottom page 901: "The right is a very valuable one, is indispensable to the orderly and humane administration of the criminal law, and should not be frittered away by judicial decision."

In order to preclude the possibility of doubt as to the period of time the statute does not state merely a "day" but precedes "day" with the words "one entire," and precedes these words with "at least," thus making the period of time "at least one entire day." The authorities everywhere are in accord with our court. Bouvier's Law Dic-

tionary Rawle's Third Revision, defines an entire day as follows: "An entire day is an undivided day, from midnight to midnight; *Robertson* v. *State,* 3 Ala. 325; *Heines* v. *State,* 7 Tex. App. 30; *Lawrence* v. *State,* 7 Tex. App. 192." 20 C. J. 1269, defines entire as: "All; undivided; unmingled; complete in all its parts; whole; not participated in with others."

*J. H. Sumrall,* Assistant Attorney-General, for the state.

The next ruling of the court complained of by appellant is a failure to deliver to appellant or counsel a copy of the indictment and list of the special veniremen summoned in the case at least one day before trial, as provided by section 1239 of Hemingway's Code. But by reference to pages 11 and 12 of the record, and by admission of counsel for appellant in his brief, a copy of indictment and venire were served on counsel for appellant at nine-thirty a. m., October 27, and the trial set for nine-thirty a. m., October 28th. According to all recognized rules for computing time, twenty-four hours constitutes a full day. I am unable to see upon what counsel can base an argument that this section of the statute was not complied with, as the period of time between nine-thirty a. m. on the day of service and nine-thirty a. m. on the date of trial, each being the beginning of a court day, as shown by the record, and there being nothing in the record to show that either day fell on Sunday, then a full day in every sense of the word elapsed between the service and the trial. And if any further authority were needed to strengthen this fact, the case cited by counsel for appellant, *Boatwright* v. *State,* 120 Miss. 883, certainly is conclusive on the subject, and the reasoning set out in a majority opinion is so clear that it is useless to look further for authority on such a simple question, and I therefore submit that no error was committed by the trial court in this matter.

HOLDEN, J., delivered the opinion of the court.

The appellant was convicted of murder and sentenced to the penitentiary for life, from which judgment she appeals.

The killing occurred on October 24, 1922, about five p. m.; the indictment was returned at three-thirty p. m. on the following day, whereupon appellant was arraigned and her trial set for nine a. m. the next day, October 26th. Motion for a continuance or postponement to a later day of the term was overruled by the court. Appellant then demanded a special venire and made a motion for a copy of the indictment and a list of the special venire summoned in the case.

The copy of the indictment and list of the special venire were delivered to appellant's counsel at nine-thirty a. m. October 27th, and the case being then set for trial on the following day, October 28th at nine-thirty a. m., at which time the trial proceeded; all of which was done over the objection of the appellant. One of the grounds in the motion for a new trial after conviction was the failure of the state to furnish appellant the copy of the indictment and list of the special venire "at least one entire day" before the trial.

The question presented for our decision, which will determine the appeal, is whether or not the court forced the appellant to trial without having first furnished her a copy of the indictment and a list of the special venire "at least one entire day" before her trial, as required by section 1481, Code of 1906 (section 1239, Hemingway's Code).

The exact point is whether the court complied with the demands of the statute by furnishing the defendant a copy of the indictment and the list of the venire at nine-thirty a. m. on October 27th, and proceeding to trial of the case at nine-thirty a. m. on October 28th, the next day. It will be observed that twenty-four hours intervened between nine-thirty a. m. of the day of service, and nine-thirty a. m. of the day of the trial, and, so far as the appellant being furnished the copies twenty-four hours before her trial, there is no question, but whether the statute providing

for "at least one entire day" means any twenty-four hours, or means a day commencing at twelve o'clock midnight and ending at twelve o'clock on the following night, is the question to be decided.

We have reached the conclusion that the statute means a day commencing at twelve o'clock midnight and ending at twelve o'clock of the next night. This is the common understanding and acception of the definition of a day, at common law and in recent judicial decisions. Therefore the appellant was denied a substantial right under the statute, in that she was not allowed an entire day, that is from twelve at night to twelve the next night, in which to examine and consider the indictment and the venire before proceeding to trial. See the case of *Boatwright* v. *State,* 120 Miss. 883 83 So. 311, and the authorties there cited in the appellant's brief; also the authorities cited in the dissenting opinion and the other opinions rendered in that case. See, also, *Carter* v. *Henry,* 87 Miss. 411, 39 So. 690, 6 Ann. Cas. 715; *Robertson* v. *State,* 43 Ala. 325, 17 C. J. 1131; *Nixon* v. *State,* 2 Smedes & M. 497, 41 Am. Dec. 601.

In addition to the reasons given for the conclusion reached above, we may add that, under section 1606, Code of 1906 (section 1373, Hemingway's Code), and the rule announced in the *Boatwright case, supra,* the day of service of the process in the case at bar is not to be counted in the computation of the whole day required by the statute. Section 1481, Code of 1906; section 1239, Hemingway's Code. So if the day on which the process is served is not to be counted, then, of course, the appellant in the case before us was not served an entire day before her trial. Furthermore, it is plain, as indicated in the *Boatwright case, supra,* that fragments of two days cannot be added together so as to make an "entire day" spoken of in the statute.

In view of these conclusions the judgment of the lower court will be reversed, and the case remanded for a new trial.

*Reversed and remanded.*