## UNITED STATES v. SENECAL.

District Court, D. Massachusetts. December 4, 1929.

No. 9056.

Frederick H. Tarr, U. S. Atty., and Elihu D. Stone, Asst. U. S, Atty., both of Boston, Mass., for the United States.

Wm. H. Lewis and M. L. McGrath, both of Boston, Mass., for defendant.

BREWSTER, District Judge. In this case the defendant has been indicted for the illegal possession of intoxicating liquor. He has filed a motion to suppress evidence obtained by Federal prohibition agents upon a search warrant which the defendant claims is void because not executed and returned within the time prescribed by law. Murby v. United States (C. C. A.) 2 F.(2d) 56.

The warrant was dated July 27, 1929, and was served and returned on August 6, 1929. The validity of the search warrant, therefore, turns entirely upon whether the day of the date when the warrant was issued shall be included or excluded. Section 621 of title 18, U. S. Code, 18 USCA § 621 (Act of June 15, 1917, c. 30, title 11, § 11, 40 Stat. 229), provides that the warrant shall be void unless executed and returned "within ten days after its date." If July 27 is to be included in the computation of the time within which the warrant must be served and returned, it was not served and returned within ten days, and is therefore void.

I have been unable to find any cases dealing with this section which throw any light upon the question raised by defendant's motion. There are, however, a number of cases in which the courts have had occasion to determine whether the first day of a limited

period of time should be included or excluded.

The earlier English cases held that, where the computation is to be made from an act done, the day when such act was done is to be included. Bellasis v. Hester, 1 Lord Raymond, 280; Rex v. Adderly, 2 Doug. 463; Castle v. Burditt, 3 T. R. 623.

In the later English cases, however, this rule of construction has been repudiated and the rule excluding the first day of the period has been adopted. Lester v. Garland, 15 Ves. 248; Webb v. Fairmaner, 3 M. & W. 473; Ex parte Fallon, 5 T. R. 283; Young v. Higgon, 6 M. & W. 49; Mercer v. Ogilvy, 3 Paton, 434.

This later rule is the one followed in the state courts of this commonwealth and in many of the other states. Bemis v. Leonard, 118 Mass. 502, 19 Am. Rep. 470; Seekonk v. Rehoboth, 8 Cush. (Mass.) 371; O'Neil v. City of Boston, 257 Mass. 414, 153 N. E. 884; State v. Elson, 77 Ohio St. 489, 83 N. E. 904, 15 L. R. A. (N. S.) 686; Colonial Mutual Fire Ins. Co. v. Ellinger, 112 Ill. App. 302; State ex rel. Putnam v. Holm, 172 Minn. 162, 215 N. W. 200, 54 A. L. R. 333; Scharff v. McGaugh, 205 Mo. 344, 103 S. W. 550; Scoville v. Anderson, 131 Cal. 590, 63 P. 1013.

In Bemis v. Leonard, supra, the question was whether a copy of the writ had been seasonably deposited in the clerk's office under a statute which required such copy to be deposited "at any time within three days" after the attachment. In the opinion the English and Massachusetts authorities are reviewed, with the result that the court announced the rule that, "when an act is to be done within a given number of days from the date, or day of the date, or act done, the day of the date is excluded."

Turning to the decisions in the Federal court, we find that in the earlier cases the court was inclined to the view that when the computation is to be made from the act done, the day on which the act is done should be included. Arnold v. United States, 9 Cranch, 104, 3 L. Ed. 671; Griffith v. Bogert, 18 How. 158, 15 L. Ed. 307.

In this court, as well as in the English courts, the earlier rule did not survive, for we find Mr. Justice Field, in Sheets v. Selden's Lessee, 2 Wall. 177, 190, 17 L. Ed. 822, laying down this rule: "The general current of the modern authorities on the interpretation of contracts, and also of statutes, where time is to be computed from a particular day or a particular event, as when an act is to be performed within a specified period from or

after a day named, is to exclude the day thus designated, and to include the last day of the specified period."

See also Eliot National Bank v. Gill (D. C.) 210 F. 933, 940; Hicks v. National L. Ins. Co. (C. C. A.) 60 F. 690, 693.

Taylor v. Brown, 147 U. S. 640, 13 S. Ct. 549, 37 L. Ed. 313, cited by the defendant, recognized the existence of the rule which excludes the terminus a quo, but held that it was not so absolute as to prevent the inclusion of such terminus when necessary to give effect to an obvious intent.

I see nothing in the provisions of section 621 which requires a departure from the generally accepted rule of interpretation. On the contrary, I think there are reasons why the later and more universal rule of construction should be applied to the section. The word "after," as it appears in the phrase "ten days after its date," is rather a term of exclusion than a term of inclusion. If the statute had read "one day" instead of "ten days," it is not reasonable to suppose that the warrant, in order to be valid, must have been served on the day of its date. The law knows no fraction of a day. This was one of the reasons assigned for the later view by Lord Kenyon, in Ex parte Fallon, supra, and by Chief Justice Shaw in Seekonk v. Rehoboth, supra. Lord Kenyon remarked: "Suppose the direction of the act had been to enrol the memorial within one day after the granting of the annuity, could it be pretended that that meant the same as if it were said that it should be done on the same day on which the act was done? If not, neither can it be construed inclusively, when a greater number of days is allowed."

In the second place, the rule excluding the first day is more consistent with the general legislative policy as reflected in express statutory provisions. Thus, in the Bankruptcy Act of 1867 (14 Stat. 540, § 48), there was a provision that in all cases in which a particular number of days is prescribed for doing an act, the same shall be reckoned exclusive of the first and inclusive of the last day. Section 31 of the Bankruptcy Act of 1898 is to the same purport (11 USCA § 54), and this is the rule universally followed by state and Federal courts in cases arising under the Bankruptcy Act involving the computation of a definite period under the act. Dutcher v. Wright, 94 U. S. 553, 24 L. Ed. 130; In re Warner (D. C.) 144 F. 987; Richards v. Clark, 124 Mass. 491; Cooley v. Cook, 125 Mass. 406; In re Stevenson (D. C.) 94 F. 110.

The rule excluding the first day has also

been adopted by legislative enactment in New York. The Vigilancia (D. C.) 68 F. 781; Aultman & Taylor v. Syme, 163 N. Y. 63, 57 N. E. 168, 79 Am. St. Rep. 565.

There seems to be accord among the courts that, in computing the period of time within which the Chief Executive of a state may approve an act of the Legislature presented to him, the day of presentation is to be excluded. Price v. Whitman, 8 Cal. 412; State ex rel. Putnam v. Holm, supra; State ex rel. Dawson v. Sessions, 84 Kan. 856, 115 P. 641, Ann. Cas. 1912A, 796; Carter v. Henry, 87 Miss. 411, 39 So. 690, 6 Ann. Cas. 715; Corwin v. Comptroller General, 6 S. C. 390.

I have reached the conclusion, therefore, that according to the great weight of authorities the established common-law rule is the one which excludes the first day. While this rule is subject to exceptions when necessary to give effect to manifest intention, there is nothing in section 621 which indicates an intention to bring the statute within the exceptions to the general rule.

It follows, therefore, that in computing the ten days after the date of the search warrant, the day of its date should not be included, and the search warrant was served within ten days from its date.

Motion is denied.