COMMONWEALTH vs. JOHN A. CROMER
(and two companion cases[1]).

Suffolk,    April 1, 1974. — June 25, 1974.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & WILKINS, JJ.

*Search and Seizure.   Practice, Criminal,* Warrant.   *Words*, "Immediate search."

The date of the issuance of a search warrant is not to be counted in computing the seven day period for the execution of the warrant. [521, n. 3]

The requirement of G. L. c. 276, § 3A, that search warrants be returned within seven days of issuance is ministerial, and failure to comply therewith is not ground for voiding an otherwise valid search. [521, n. 3]

The "immediate search" provision of G. L. c. 276, § 2A, requires execution of search warrants within a reasonable time after issuance [522]; execution of a search warrant which is delayed more than seven days after issuance is per se invalid without regard to prejudice [525-526].

Whether a delay of seven days or less in execution of a search warrant is reasonable must be determined in each case considering the continued existence of probable cause and the circumstances justifying delay. [524-525]

Evidence seized pursuant to a search warrant executed within seven days of its issuance, but with delay shown to be unreasonable, need be suppressed only if the defendant demonstrates that he suffered legal prejudice as a result of the delay. [525-526]

INDICTMENTS found and returned in the Superior Court on February 2, 1972.

Motions to suppress were heard by *Spring*, J., and the cases were tried before *Roy*, J.

*Calvin J. Wier* for the defendants.

*Imelda C. LaMountain*, Assistant District Attorney, for the Commonwealth.

---

[1] The companion cases are against Frank A. Vaughn and Phillip A. Vaughn.

TAURO, C.J. The cases are here on the defendants' appeals under G. L. c. 278, §§ 33A-33G, following their convictions for unlawful possession of heroin. The defendants have waived all but one of five assignments of error, leaving for our consideration only their contention that the judge improperly denied defence motions to suppress certain items of real evidence seized pursuant to a search warrant. The defendants' argument raises an important question concerning the construction of the statutes which govern the time limits within which search warrants must be executed and returned to court (G. L. c. 276, §§ 2A and 3A[2]).

We need summarize only that evidence which is pertinent to the judge's ruling on the motions to suppress. On November 30, 1971, a member of the Boston police department obtained from the Municipal Court of the Roxbury District a warrant to search a designated dwelling located

---

[2] "*Section 2A*. The warrant shall be in substantially the following form:
THE COMMONWEALTH OF MASSACHUSETTS.

(County), ss.                                          (Name) Court.

*To the Sheriffs of our several counties, or their deputies, any State Police Officer, or any Constable or Police Officer of any city or town, within our said Commonwealth.*

Proof by affidavit having been made this day before (name of person authorized to issue warrant) by (names of person or persons whose affidavits have been taken) that there is probable cause for believing that (certain property has been stolen, embezzled, or obtained by false pretenses; certain property is intended for use or has been used as the means of committing a crime; certain property has been concealed to prevent a crime from being discovered; certain property is unlawfully possessed or kept or concealed for an unlawful purpose).

We therefore command you in the daytime (or at any time of the day or night) to make an immediate search of (identify premises) (occupied by A. B.) and (of the person of A. B.) and of any person present who may be found to have such property in his possession or under his control or to whom such property may have been delivered, for the following property: (description of property) and if you find any such property or any part thereof to bring it and the persons in whose possession it is found before (court having jurisdiction) at (name of court and location).

Dated at (city or town) this       day of       , 19   .

                                                        Clerk."

"*Section 3A*. Every officer to whom a warrant to search is issued shall return the same to the court by which it was issued as soon as it has been served and in any event not later than seven days from the date of issuance thereof, with a return of his doings thereon; provided, however, that a justice of the superior court may at any time receive complaints and issue search warrants returnable in seven days before a district court named in such warrant and in that event the officer shall make his return to such district court as directed."

in Boston. On December 7, 1971, at 11 P.M., several officers, pursuant to the search warrant, conducted a search of the premises. In the course of that search the police discovered and seized a quantity of heroin and various other items which the police characterized as paraphernalia associated with the processing of heroin for sale. The defendants were on the premises where the heroin was found and were arrested. The police returned the search warrant to the issuing court on December 8, 1971.

At the hearing on the defendants' motions to suppress, there was testimony by one of the defendants and by two of the police officers who had participated in the search. There was no inquiry into, and no explanation of, the seven-day delay between the issuance and the execution of the search warrant. Subsequent to the hearing the judge issued findings, rulings and order in which he stated that there had been no evidence introduced to explain the seven-day delay. He ruled that the "immediate search" requirement of § 2A had not been met and that the warrant had not been returned within seven days as required by § 3A, and he therefore ordered that the defendants' motions to suppress be allowed. Subsequently the judge allowed the Commonwealth's motion for a rehearing and, without hearing further testimony, vacated his prior order and ordered that the motions to suppress be denied. That final order is the subject of these appeals. The principal issue presented is whether a search conducted seven days after issuance of the warrant authorizing it satisfies the "immediate search" requirement of § 2A.[3]

---

[3] Two other related issues may quickly be disposed of. First, the execution of the warrant in this case was within seven days of its issuance only if the day of issuance is not counted. It is generally held that the day from which a time period is to be computed is not counted in the computation of the period. *Daley* v. *District Court of Western Hampden,* 304 Mass. 86, 94 (1939). *Sheets* v. *Selden's Lessee,* 2 Wall. 177, 190 (1864). *United States* v. *Senecal,* 36 F. 2d 388 (D. Mass. 1929). Second, the warrant was not returned to court within seven days, as required by § 3A. The "overwhelming weight of authority," however, is to the effect that required warrant return procedures are ministerial, and failure to comply therewith is not ground for voiding an otherwise valid search. *United States* v. *Kennedy,* 457 F. 2d 63, 67 (10th Cir. 1972). See *United States* v. *Haskins,* 345 F. 2d 111, 117 (6th Cir. 1965); *United States* v. *McKenzie,* 446 F. 2d 949, 954 (6th Cir. 1971); *People* v. *Schmidt,* 172 Colo. 285, 293 (1970); *State* v. *Hunt,* 454 S. W. 2d 555, 559-560 (Supr. Ct. Mo. 1970), cert. den. 400 U. S. 942 (1970).

The meaning of "immediate" is nowhere defined in the statutes controlling the issuance and execution of search warrants, G. L. c. 276, §§ 1-7, and it is not easily translated into any particular time limitation which would establish a single standard of immediacy to govern every case. Other courts, confronted with statutes or court rules which require "immediate" or "forthwith" service of warrants, have construed such terms as requiring service within a "reasonable" time. See, e.g., *Spinelli* v. *United States*, 382 F. 2d 871, 885 (8th Cir. 1967), revd. on other grounds, 393 U. S. 410 (1969); *United States* v. *Dunnings,* 425 F. 2d 836, 840 (2d Cir. 1969), cert. den. 397 U. S. 1002 (1970); *United States* v. *Harper,* 450 F. 2d 1032, 1043 (5th Cir. 1971); *People* v. *Wiedeman,* 324 Ill. 66, 68 (1926); *State* v. *Guthrie,* 90 Maine 448, 452 (1897). We believe that § 2A should also be construed to require execution of a search warrant within a reasonable time. This still leaves the question whether the execution of the search warrant in these cases satisfied that standard.

The Commonwealth argues that the seven days allowed for return of a search warrant ( § 3A) should be read as evidence of a legislative purpose to permit seven days for the execution of warrants as well. Thus, according to that argument, any search pursuant to a warrant which has been conducted within seven days of issuance of the warrant would be presumptively reasonable, and there would be no burden on the prosecution to show justification for any delay up to seven days. There is nothing, however, on the face of either statutory provision which compels the inference that the Legislature intended the seven-day deadline for return of warrants to apply to execution of warrants as well. Nor has any Massachusetts case come to our attention in which this issue was considered. There are, however, a number of Federal cases dealing with a somewhat similar question.

Prior to a 1972 amendment, the Federal Rules of Criminal Procedure contained two provisions analogous to G. L. c. 276, §§ 2A and 3A. Rule 41 (c) of the Federal Rules of Criminal Procedure, 18 U. S. C. Appendix (1970), required

Commonwealth *v.* Cromer.

that a search be made "forthwith" after issuance of the warrant. Rule 41 (d), however, required that a search warrant "may be executed and returned only within 10 days" of its issuance.[4] Many cases arose in the Federal Courts concerning the apparent conflict between the "forthwith" requirement of Rule 41 (c) and the ten-day limit of Rule 41 (d). Although no unanimity of decision was achieved, several distinct lines of interpretation did appear. A few courts held that the ten days permitted by Rule 41 (d) defined the meaning of "forthwith" in Rule 41 (c) so that execution of a search warrant any time within ten days of issuance was per se reasonable. See, e.g., *Mitchell* v. *United States*, 258 F. 2d 435 (D. C. Cir. 1958); *United States* v. *Doe*, 19 F. R. D. 1 (E. D. Tenn. 1956). See also *United States* v. *Dunnings*, 425 F. 2d 836, 841 (2d Cir. 1969). A second construction of the requirements of Rule 41 (c) and 41 (d) was that the "forthwith" requirement of Rule 41 (c) meant that a search must be conducted as soon as is reasonably possible after issuance of a warrant, but in no case will a delay beyond the ten days permitted by Rule 41 (d) be considered reasonable. In other words, warrants must be executed within a reasonable time, and ten days marks the extreme of reasonableness. See, e.g., *United States* v. *Dunnings*, 425 F. 2d 836 (2d Cir. 1969); *United States* v. *Wilson*, 60 F. R. D. 55 (E. D. Mich. 1973). A third, and to us most logical, interpretation of the apparently conflicting rules also held that "forthwith" requires execution without unreasonable delay, but added that even if the delay (of no more than ten days) was unreasonable evidence seized pursuant to the search will be suppressed only if the defendant can show that he was prejudiced by the delay. See, e.g., *Seymour* v. *United States*, 177 F. 2d 732 (D. C. Cir. 1949); *Spinelli* v. *United States*, 382 F. 2d 871 (8th Cir. 1967), revd. on other grounds, 393 U. S. 410 (1969);

---

[4] Rule 41 was revised in 1972, 18 U. S. C. Appendix (Supp. II, 1972). It now provides that a search warrant must state on its face the duration of its validity (up to ten days).

*House* v. *United States*, 411 F. 2d 725 (D. C. Cir. 1969);
*United States* v. *Bradley*, 428 F. 2d 1013 (5th Cir. 1970);
*United States* v. *Harper*, 450 F. 2d 1032 (5th Cir. 1971).

The context in which the foregoing decisions were made
is not precisely the same as the statutory context of our
cases: the two Federal rules both purported to set time
limits on the *execution* of search warrants; on the other
hand, only one of the Massachusetts statutes sets a time
limit on *execution* of search warrants ("immediate" —
§ 2A), while the other statute sets a time limit only on
the *return* of search warrants ("not later than seven
days" — § 3A). Thus, we do not have any direct statutory
conflict to resolve. Nevertheless, we believe that the con-
struction adopted in the line of Federal cases last referred to
above suggests the proper resolution of the issue before us.

In the first place, because a warrant cannot be executed
after it has been returned to court, and because § 3A
requires return of a search warrant within seven days, we
think that it is logical to infer from § 3A a legislative
judgment that warrants must be executed, as well as
returned, within seven days. Therefore, we hold that no
search warrant may validly be executed more than seven
days after its issuance. Cf. *Sgro* v. *United States*, 287 U. S.
206 (1932).

. This does not mean, however, that execution of a search
warrant any time within seven days of its issuance will
necessarily be reasonable. A search warrant may issue only
when facts are presented to a magistrate which show
probable cause that relevant evidence will be found at a
designated location. The longer the police wait before
executing the warrant, however, the more likely it is that
the situation will change so that the facts which supported
the magistrate's determination of probable cause will no
longer exist. See *United States* v. *Wilson*, 60 F. R. D. 55, 57-
58 (E. D. Mich. 1973). The likelihood that circumstances
will change is especially high where the object of the search
is any easily moved substance, such as narcotics. *Ibid*. "A
warrant is issued upon allegation of presently existing

facts, and as such does not allow execution at the leisure of the police, nor does it invest the police officers with the discretion to execute the warrant at any time . . . believed by them to be the most advantageous." *Spinelli* v. *United States*, 382 F. 2d 871, 885 (8th Cir. 1967), revd. on other grounds, 393 U. S. 410 (1969). On the other hand, it is clear that the police must have some leeway in the execution of search warrants, and in some cases there may well be circumstances which justify delays which normally would be unreasonable.[5]

However, even if the delay in executing a search warrant in a particular case is found to have been unreasonable, evidence seized pursuant to that search warrant need be suppressed only if the defendant can demonstrate that he suffered legal prejudice as a result of the delay. "The fact that the search uncovered prejudicial evidence does not invest standing unless the presence of the evidence is attributable to the delay." *Spinelli* v. *United States, supra,* at 886. See *House* v. *United States*, 411 F. 2d at 728 (1969); *United States* v. *Bradley*, 428 F. 2d at 1016 (1970). Thus, in the case now before us, there is nothing in the record to explain why the police waited seven days before executing the search warrant for heroin. Even if the seven-day delay were found to be unreasonable, however, the judge was warranted in denying the defendants' motions to suppress because the defendants had made no demonstration of any prejudice to them which could be attributed to the seven-day delay. In the absence of any such showing of harm little or no purpose would be served by allowing the suppression of evidence seized pursuant to a valid search warrant.

To summarize, we hold that G. L. c. 276, § 2A, requires execution of search warrants within a reasonable time after issuance. Execution of a search warrant which is delayed more than seven days is per se invalid without regard to

---

[5] The safety of the police officers who execute warrants would clearly constitute one consideration which might justify delay. See *United States* v. *Rael*, 467 F. 2d 333 (10th Cir. 1972). Delays might also be justified when caused by "distance, traffic conditions, weather, inability to locate the person or premises to be searched, personal safety, etc." *Spinelli* v. *United States, supra,* at 885.

prejudice. Even if a delay of no more than seven days is shown to be unreasonable, evidence seized pursuant to the warrant need be suppressed only if the defendant sustains the burden of proving legal prejudice attributable to the delay. In the cases now before us, the defendants have made no showing of such prejudice, and the denial of their motions to suppress must therefore be affirmed.

*Judgments affirmed.*