PATTERSON, Chief Justice,
dissenting:
I dissent with some misgivings. This is because of the general reliance of the bench and bar upon Mississippi Code Annotated section 1-3-67 (1972) for computing time, and I do not desire to confuse the issue. However, it is my opinion that the legislature has stated unambiguously the time for advertisement preceding a sheriff’s sale. I hope, probably forlornly, that the differences arising from the majority and dissenting opinions will provoke the practical solution of attorneys giving ample time for advertisement rather than grasping the last second for compliance.
Mississippi Code Annotated section 13-3-165 (1972) provides:
When sales of personalty may be made; advertising of sale. ••
Sales of personalty may be made on any day except Sunday, and shall be advertised ten days before the day of sale by posting notices of the time, terms, and place of sale in three public places in the county, one of which shall be at the courthouse. (Emphasis added.)
The emphasized portion of the statute unequivocally states the advertisement shall be for ten days before the day of sale. This explicit language, in my opinion, eliminates the inclusion of the sale day as one of the ten days of advertisement.
Ordinarily, when the last day cannot be included in the computation of time composed of days, the first day is included. The question, as I view it, is: If the day of sale by the terms of the statute cannot be included as a day of advertisement, can the *44 first day of advertisement be included to gain the required ten days? I think it cannot because this Court has held that a day begins at midnight and ends the following midnight. Mississippi Benefit Association v. Brooks, 184 Miss. 451, 185 So. 569 (1939); and in Panneil v. Glidewell, 146 Miss. 565, 111 So. 571 (1927), we stated:
A day is that space of time which elapses between two successive midnights. . . . As a general rule there are no fractions of a day in law. (146 Miss, at 568, 111 So. at 572)
And in O’Quinn v. State, 131 Miss. 511, 95 So. 513 (1923), a criminal case, we held that an “entire day” is not merely a consecutive period of twenty-four hours, but is rather the passage of twenty-four hours beginning at one midnight and ending at the next.
Assuming, as I do, that the advertisement was not posted at the very instant November 14 arrived, but during normal business hours of that day, the first full day of advertisement — remembering that days are not to be fractured — began on November 15 which, by my count, would leave only nine days of advertisement, or if fractions of days could be indulged, only nine and a fraction days, neither in compliance with the statute.
I think the legislative intention for requiring ten days advertisement of sale was for the purpose of giving timely notice so that the property sold under distress might attract as many prospective purchasers as possible and that we should not encroach upon that time by using a general statute of computation as distinguished from a specific statute on sales. I, therefore, respectfully dissent.
WALKER, J., joins in this dissent.