## COMMONWEALTH vs. JOSEPH W. MENDES.

Barnstable. May 6, 2010. - September 8, 2010.

Present: MARSHALL, C.J., IRELAND, SPINA, COWIN, CORDY, BOTSFORD, & GANTS, JJ.

*Search and Seizure,* Warrant, Probable cause. *Probable Cause. District Court,* Jurisdiction, Clerk-Magistrate, Probable cause hearing. *Statute,* Construction.

A District Court judge or magistrate may issue, where an application is supported by probable cause, a search warrant authorizing a search for evidence at any specified location in the Commonwealth, regardless of whether the criminal activity to which the warrant application pertains is located within or outside that court's territorial jurisdiction. [807-811]

INDICTMENTS found and returned in the Superior Court Department on October 9, 2007.

A pretrial motion to suppress evidence was heard by *Richard F. Connon,* J., and the cases were heard by *Gary A. Nickerson,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Robert J. Galibois, II,* for the defendant.

*Robert D. Moriarty,* Assistant District Attorney, for the Commonwealth.

*Allison Callahan,* Assistant District Attorney, for the District Attorney for the Suffolk District, amicus curiae, submitted a brief.

BOTSFORD, J. The defendant, Joseph W. Mendes, appeals from convictions of possession of a firearm without a firearm identification card (FID card), G. L. c. 269, § 10 (*h*); possession of ammunition without an FID card, *id.*; possession of a firearm without an FID card as an armed career criminal, *id.* at § 10G (*a*); possession of cocaine with intent to distribute (subsequent offense), G. L. c. 94C, § 32A (*d*); possession of methamphetamine with intent to distribute, *id.* at § 32A (*a*) (two counts); possession of marijuana with intent to distribute,

*id.* at § 32C (*a*); and possession of class E substances with intent to distribute (three counts), *id.* at § 32D (*a*). He seeks the reversal of his convictions on the ground that his motion to suppress the evidence on which the convictions were based was improperly denied. His claim is that a District Court without proper territorial jurisdiction issued the search warrants that led to the discovery of the evidence, with the consequence that the search was invalid and its fruits inadmissible. We reject the defendant's jurisdictional argument and affirm his convictions.[1]

*Background.* On February 16, 2007, Detective Sergeant Sean Balcom of the Barnstable police department applied to the First District Court of Barnstable, held at Barnstable (Barnstable District Court), for warrants to search two locations in the town of Bourne — 117 Old Plymouth Road, apartment 2C, and 24 Yellow Pine Road, apartment 3 — as well as a 1998 Chevrolet Tahoe automobile registered in the defendant's name. Balcom submitted an affidavit in support of the applications that included the following information. The Barnstable police department had been investigating the involvement of the Mendes family — including the defendant — in cocaine distribution and organized crime in the Cape Cod area since 1999. Balcom learned from confidential informants that the defendant had moved from Hyannis to Bourne to evade that investigation. He discovered, through surveillance, a registry of motor vehicles query, and a board of probation records check, that the defendant was then living at 117 Old Plymouth Road in the Sagamore Beach section of Bourne.

A named informant told Balcom that the defendant resided at 117 Old Plymouth Road and used 24 Yellow Pine Road as a "stash house" to store cocaine and weapons. The informant stated that the defendant had supplied him with cocaine for the past one and one-half years and had sold him cocaine at both locations. He told Balcom he had most recently obtained four and one-half ounces of cocaine from the defendant on February 5, 2007, and that the defendant had retrieved the drugs from his Chevrolet Tahoe parked in the 24 Yellow Pine Road parking lot.

On the basis of Balcom's affidavit, an assistant clerk-magistrate

---

[1] We acknowledge the amicus brief filed by the district attorney for the Suffolk district.

of the Barnstable District Court issued the two requested search warrants on February 16, 2007. Officers from the Bourne and Barnstable police departments executed the warrants the same day and found — between the two locations — drugs, cash, and drug paraphernalia. The defendant was present during the search at 24 Yellow Pine Road; drugs and cash were seized from his possession. Following and as a result of the two searches, the Bourne police sought and obtained two additional warrants to search a Nissan Maxima on February 18 and 20, 2007, again from the Barnstable District Court. When police executed the two warrants on February 19 and 20, 2007, respectively, they found and seized from the automobile cash, a .22 caliber pistol, a bag of white powder, and several bottles of pills.

A Barnstable County grand jury indicted the defendant for the offenses previously listed. Before trial in the Superior Court, the defendant moved to suppress the drugs and firearm seized pursuant to the search warrants. He argued that a District Court may not issue a search warrant for a location outside its territorial jurisdiction, unless the issuance of that warrant relates to a crime occurring within the particular court's jurisdiction; and that because the Barnstable District Court does not have jurisdiction over the town of Bourne, see G. L. c. 218, § 1,[2] and Bourne was the location of all the alleged offenses described in the search warrant affidavit, the Barnstable District Court lacked authority to issue the search warrants at issue. A judge in the Superior Court denied the defendant's motion, and his subsequent motion to reconsider. A single justice of the Appeals Court denied the defendant's application to file an interlocutory appeal. The defendant was tried on stipulated facts before a different Superior Court judge sitting without a jury, who found the defendant guilty on all the indictments.[3] The defendant appealed, and we transferred the case from the Appeals Court on our own motion.

*Discussion.* The single issue in this case is the validity of the four search warrants. The defendant does not challenge the

[2]Pursuant to G. L. c. 218, § 1, the First District Court of Barnstable, held at Barnstable, has jurisdiction over the towns of Barnstable, Yarmouth, and Sandwich. The same statute provides that the town of Bourne is within the jurisdiction of the Third District Court of Barnstable, held at Falmouth. See *id.*

[3]Three of the convictions were for lesser included offenses of the crimes set forth in the indictments.

determination by the assistant clerk-magistrate that the affidavits of Sergeant Detective Balcom established probable cause to issue those warrants. His claim as it was in support of his motion to suppress is only that the warrants were invalid because a District Court may not lawfully issue a warrant to search a location beyond its territorial jurisdiction where, as in this case, the supporting affidavit does not describe criminal activity occurring within the geographical jurisdiction of that court.[4] Contrary to the positions taken by the defendant, as well as the Commonwealth, we hold that where the application is supported by probable cause, a District Court judge or magistrate may issue a search warrant authorizing a search for evidence at any specified location in the Commonwealth, regardless whether the criminal activity to which the warrant application pertains is located within or outside that court's territorial jurisdiction.

General Laws c. 276, § 1, provides in part:

> "*A court or justice authorized to issue warrants in criminal cases* may, upon complaint on oath that the complainant believes that any of the property or articles hereinafter named are concealed in a house, place, vessel or vehicle

---

[4]The defendant relies, as he did in his motion to suppress, on J.A. Grasso & C.M. McEvoy, Suppression Matters Under Massachusetts Law § 7-3[a], at 7-4 – 7-5 (2009-2010), which states:

> "An important distinction exists between the concept of jurisdiction to issue the warrant and where the warrant may be executed . . . . Jurisdiction to issue may be dependent upon the location of the offense. A Superior Court justice may issue a search warrant . . . for a crime committed anywhere in Massachusetts, authorizing the search . . . of any one or any place in Massachusetts. The power of a magistrate or a District Court judge is not so broad. A warrant issued by a District Court judge, a clerk-magistrate, or an assistant clerk-magistrate must relate to an offense within the territorial jurisdiction of that district judge, clerk-magistrate, or assistant clerk-magistrate. This limitation on the authority of the District Court justice and magistrates to issue a warrant corresponds to their limited jurisdiction, as compared with the statewide jurisdiction of a Superior Court justice."

But see R.G. Stearns, Massachusetts Criminal Law: A District Court Prosecutor's Guide 299 (29th ed. 2009), citing G. L. c. 276, § 1, and G. L. c. 218, §§ 33, 35 ("Justices of the Superior and District Courts and clerk magistrates and assistant clerks of the District Courts have the authority to issue search warrants for any location within the territorial jurisdiction of the Commonwealth").

or in the possession of a person *anywhere within the commonwealth and territorial waters thereof,* if satisfied that there is probable cause for such belief, issue a warrant identifying the property and naming or describing the person or place to be searched and commanding the person seeking such warrant to search for the . . . property or articles . . ." (emphases added).

This section contains two requirements relevant to the question at hand. First, to issue a search warrant, a particular court, or a judge or clerk-magistrate of that court,[5] must be "authorized to issue warrants in criminal cases." Second, the court so authorized, acting through a judge or a clerk, must find probable cause for the applicant's belief that property or articles listed in the statute[6] are "concealed in a house, place, vessel or vehicle or in the possession of a person anywhere within the commonwealth and territorial waters thereof."[7]

---

[5]In *Commonwealth* v. *Penta*, 352 Mass. 271, 273 (1967), this court held that the word "court" in G. L. c. 276, § 1, included clerks within its scope. As discussed *infra*, clerks and assistant clerks of the District Court are authorized to issue search warrants pursuant to G. L. c. 218, § 33.

[6]General Laws c. 276, § 1, permits a search for (1) "property or articles stolen, embezzled or obtained by false pretenses, or otherwise obtained in the commission of a crime"; (2) "property or articles . . . intended for use, or which are or have been used, as a means or instrumentality of committing a crime"; (3) "property or articles the possession or control of which is unlawful, or which are possessed or controlled for an unlawful purpose"; (4) "the dead body of a human being"; and (5) "the body of a living person for whom a current arrest warrant is outstanding."

[7]Additional pertinent language appears in G. L. c. 276, § 2B, which reads as follows:

> "A person seeking a search warrant shall appear personally before *a court or justice authorized to issue search warrants in criminal cases* and shall give an affidavit . . . contain[ing] the facts, information, and circumstances upon which such person relies to establish sufficient grounds for the issuance of the warrant. The person issuing the warrant shall retain the affidavit *and shall deliver it within three days after the issuance of the warrant to the court to which the warrant is returnable.*" (Emphases added.)

Section 2B reiterates the broad "authorized to issue search warrants in criminal cases" language from § 1 and adds no other territorial limitations. In fact, the final clause of the portion of § 2B quoted above suggests that the Legislature foresaw, and intended, that one court might issue a search warrant that could be "returned" to another court.

General Laws c. 218 applies to the District Courts. Section 33 of that chapter specifically authorizes clerks of the District Courts to issue search warrants, providing:

> "A clerk, assistant clerk, temporary clerk or temporary assistant clerk, *may . . . issue* warrants, *search warrants* and summonses, returnable as required when such process are issued by said courts. No other person, except a judge, shall be authorized to issue warrants, search warrants or summonses" (emphasis added).

Section 35 of c. 218 specifies that a justice or special justice of the District Court likewise may "issue search warrants, returnable before a court or trial justice having jurisdiction of the trial or examination of the person charged with the crime." Nothing in § 33 or § 35, nor any other provision of c. 218, limits a District Court's authority to issue search warrants based on location either of the property or article sought, or the suspected criminal activity.[8] The only arguable limitation concerning search warrants is the "return" provision in § 35, indicating that a search warrant is returnable before a court with jurisdiction over the crime charged.[9]

"Where the language of a statute is clear, courts must give

---

[8]The Commonwealth points us to G. L. c. 218, § 32, which states in pertinent part: "District courts may . . . issue warrants and other processes for the apprehension of persons charged with crime and found within their county, or who after committing crime therein escape therefrom, returnable before a court of the county having jurisdiction of the trial or examination of the person charged with the crime." By its terms, however, § 32 deals with arrest warrants, not search warrants. Accordingly, the section's limiting references to a particular county have no bearing on the issuance of search warrants.

[9]The defendant does not raise any question concerning the returns of the search warrants he challenges here, and therefore we do not consider any issue relating to those returns. The record reflects that the warrants were made returnable to the Barnstable District Court, and were indeed returned there within seven days from the date the warrants issued. We take no position on whether the warrants properly should have been made returnable, and should have been returned, to the Third District Court of Barnstable, held at Falmouth. Compare G. L. c. 218, § 35, with G. L. c. 276, § 3A. In any event, challenges involving procedural requirements for the return of search warrants do not ordinarily lead to suppression, as long as the purposes of the return — to provide defense counsel with access to the warrant and corresponding documents and to protect against loss of the searched party's seized property — are not compromised. See *Commonwealth* v. *Ocasio*, 434 Mass. 1, 5-8 (2001) (vacating suppression order where police returned blank search warrant

effect to its plain and ordinary meaning and . . . need not look beyond the words of the statute itself." *Massachusetts Broken Stone Co.* v. *Weston,* 430 Mass. 637, 640 (2000). As our discussion of them indicates, all the Commonwealth's statutes relating to the issuance of search warrants by a District Court make clear by their language that the only territorial limitation placed on a District Court's authority to issue a search warrant is the geographical boundary of the Commonwealth and its territorial waters. Accordingly, we conclude that the assistant clerk-magistrate of the Barnstable District Court properly issued the search warrants in this case, and the defendant's motion to suppress was appropriately denied.

*Judgments affirmed.*

---

attached to inventory return after losing original: "If all the terms of the warrant can be reliably established through secondary means, . . . the defendant will not be deprived of any opportunity to mount a challenge against the warrant. . . . [B]ecause there was evidence that the warrant once existed, the Commonwealth was entitled to try to establish, pursuant to the best evidence rule, the contents of the lost warrant through secondary evidence"). Consistent with our reasoning in *Ocasio,* defense counsel here was not deprived of access to the warrant and supporting documents, and nothing indicates any risk of loss of the defendant's property. Cf. *Commonwealth* v. *Freiberg,* 405 Mass. 282, 300, cert. denied, 493 U.S. 940 (1989) ("error in the return [in notation of time of search] does not constitute ground for voiding the otherwise lawful search"); *Commonwealth* v. *Cromer,* 365 Mass. 519, 521 n.3 (1974) ("The 'overwhelming weight of authority,' . . . is to the effect that required warrant return procedures are ministerial, and failure to comply therewith is not ground for voiding an otherwise valid search"); *Commonwealth* v. *Aldrich,* 23 Mass. App. Ct. 157, 162-163 (1986), quoting *Commonwealth* v. *Lyons,* 397 Mass. 644, 648 (1986) ("Any requirement in § 3A of an accurate return 'is not closely affiliated with any constitutional guarantee' . . . and can have no practical effect upon a warrant issued on an affidavit clearly establishing probable cause"). See also R.G. Stearns, Massachusetts Criminal Law: A District Court Prosecutor's Guide at 299 ("A warrant authorized by a Justice or clerk of a District Court is returned to the court where it was issued. A warrant issued by a Superior Court Justice is returned to the District Court named in the warrant [usually the District Court in whose jurisdiction the crime is alleged to have been committed] . . . return is a ministerial duty; procedural irregularities in making the return do not invalidate an otherwise lawful search").