CHARLOTTE GORDON *vs.* STANLEY FAY & others.[1]

Suffolk.  October 6, 1980. — December 4, 1980.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, LIACOS, & ABRAMS, JJ.

*Housing Court,* Report, Complaint, Sanitary Code violations. *Practice, Criminal,* Report, Complaint, Sanitary Code violations.

Judges of the Housing Court may report important or doubtful questions of law in criminal cases to the Appeals Court pursuant to Mass. R. Crim. P. 34. [66-67]

Pursuant to the provisions of G. L. c. 185C, § 19, the procedure set forth in c. 218, § 35A, for the issuance of a criminal complaint in the District Court is applicable to complaints issued by the Housing Court, although certain minor differences in the complaint procedure between the two courts are allowable. [67-70]

The procedure set forth in G. L. c. 218, § 35A, was applicable to a complaint issued by the Housing Court alleging a continuing violation of the State Sanitary Code and the defendants' alleged failure to provide heat for a six-week period did not bring the complaint within any exception to the requirements of § 35A. [71-73]

COMPLAINT received and sworn to in the Boston Division of the Housing Court Department on October 30, 1979.

Questions of law were reported by *Daher,* C.J.  The Supreme Judicial Court, on its own initiative, ordered direct review.

*Matthew L. McGrath, III,* Legal Assistant to the District Attorney *(Brian J. Dobie,* Assistant District Attorney, with him) for the Commonwealth.

*Daniel B. Shapiro (Lois Corman* with him) for the defendants.

HENNESSEY, C.J.  This case is before us on a report of questions of law by a judge of the Housing Court of the City of Boston.  The primary issue raised is whether the proce-

---

[1] Fay Brothers Realty Company and Jack Fay.

dure set forth in G. L. c. 218, § 35A, for the issuance of a criminal complaint applies to complaints issued by the Housing Court. We conclude that the statutory procedure does apply. Absent the exigent circumstances described in G. L. c. 218, § 35A, therefore, the person accused in a complaint received by the Housing Court must be given notice and an opportunity to be heard in opposition to the issuance of any process based on the complaint.

The complainant Charlotte Gordon is a tenant in a residential apartment in Boston. On October 30, 1979, she brought a criminal complaint on behalf of the Commonwealth against the defendants in the Housing Court of the City of Boston. The complaint alleges that from September 15, 1979, through October 30, 1979, the defendants wilfully or intentionally interfered with the complainant's quiet enjoyment by failing to comply with G. L. c. 186, § 14, based on the failure to provide heat and the presence of cockroaches in the apartment.[2] Process issued immediately, requiring the defendants to appear in court to answer the complaint. At no time prior to the issuance of process were the defendants notified of the complaint or afforded an opportunity to appear at a hearing in opposition to the issuance of process.

Following an unsuccessful attempt at mediation, the case was scheduled for trial on November 9, 1979. On that date, the defendants moved to dismiss the complaint for failure to afford them the hearing required by G. L. c. 218, § 35A. Although initially disposed to deny the motion to dismiss, the trial judge concluded instead that "a question of law has arisen which . . . is so important as to require the decision of the Supreme Judicial Court thereon before trial," and hence reported certain questions to this court pursuant to G. L. c. 278, § 30A. The text of the reported questions is set forth in the margin.[3] Because of recent changes in the

---

[2] If true, the factual allegations would constitute a breach of the State Sanitary Code adopted pursuant to G. L. c. 111, § 127A. See 105 Code Mass. Regs. §§ 410.201, 410.550 (B), 410.750 (F), (O).

[3] "1. In light of the legislative intent in creating housing courts as forums where sanitary code violations are treated in a serious manner,

interlocutory report procedure, discussed immediately be-
low, the questions were reported first to the Appeals Court
and later transferred to this court on our own motion.

1. *Jurisdictional issue.* Although this threshold issue has
not been addressed by either party, we should decide initial-
ly whether the reported questions are properly before this
court. The Housing Court judge characterized the inter-
locutory report as pursuant to G. L. c. 278, § 30A. General
Laws c. 278, § 30A, was repealed, however, by St. 1979,
c. 344, §§ 48, 51, effective July 1, 1979. The reporting of
questions of law in criminal cases is now governed by Mass.
R. Crim. P. 34, 378 Mass. 905 (1979), which, like its
predecessor, does not specifically authorize reports by the
Housing Court.[4] In earlier cases involving questions re-

does the language expressed in G. L. c. 185C, § 19 ('proceedings shall be
commenced in the housing court department as follows; a criminal case
by complaint in like manner as in the district court department'), mean
that the housing court department must exactly duplicate the procedure
followed in the district court department?

"A. Is G. L. c. 218, § 35A, as amended, applicable to the housing
court department?

"B. May the housing court department establish its own procedures for
the issuance of a complaint, based upon the language of G. L. c. 218,
§ 35A, in existence at the time the housing courts were created?

"2. If G. L. c. 218, § 35A, as amended, is applicable to the housing
court department: in light of the legislative intent in creating housing
courts where sanitary code violations are treated in a serious manner,
must the clerk give an accused an opportunity to be heard in opposition to
the issuance of process when the complaint alleges on its face a continuous
sanitary code violation?

"3. If G. L. c. 218, § 25A [*sic*], as amended, is applicable to the hous-
ing court department: in light of the legislative intent in creating housing
courts, does the complaint received by the court in the case at bar con-
stitute an exception to the requirement for a show cause hearing as pro-
vided in G. L. c. 218, § 35A?

"A. Do the violations alleged constitute an imminent threat of bodily
injury?

"B. Do the violations alleged, which are of a continuous nature, con-
stitute an imminent threat of the commission of a crime?"

[4] Massachusetts R. Crim. P. 34, 378 Mass. 905 (1979), is applicable to
Superior Court and jury sessions in District Court and authorizes the
reporting, prior to trial, of questions of law that the trial judge determines
are "so important or doubtful as to require the decision of the Appeals
Court."

ported by the Housing Court under since-repealed c. 278, §§ 30 and 30A, we have allowed the reports, based on our belief that by conferring on the Housing Court concurrent jurisdiction over certain actions and by according the Housing Court "all the powers of the superior court" over those actions, see G. L. c. 185C, § 3, the Legislature had "sufficiently indicated its intention that appellate review of decisions of the Housing Court [was] to be had directly by this court, and that the judge of the Housing Court [was] to exercise the powers of a Superior Court judge to that end." *Commonwealth* v. *Olivo*, 369 Mass. 62, 65-66 (1975), quoting *Commonwealth* v. *Haddad*, 364 Mass. 795, 797 (1974). For these same reasons, we believe Mass. R. Crim. P. 34 also applies to the Housing Court. Accordingly, we hold that judges of the Housing Court may report important or doubtful questions of law to the Appeals Court pursuant to Mass. R. Crim. P. 34.

2. *Questions 1, 1A, and 1B: Commencement of criminal proceedings in the Housing Court.* The first three reported questions (questions 1, 1A, and 1B)[5] concern the commencement of criminal proceedings in the Housing Court and the extent to which the Housing Court must conform its procedure in criminal cases to that of the District Court. With a view to answering the questions reported, we begin by setting forth the relevant statutory provisions.

The Housing Court of the City of Boston has jurisdiction, concurrent with the District Courts and the Superior Court, of certain crimes, including crimes arising under G. L. c. 186, § 14, and under so much of any other law or regulation "as is concerned directly or indirectly with the health, safety, or welfare of any occupant of any place . . . of human habitation." G. L. c. 185C, § 3, as amended by St. 1979, c. 72, § 3. Criminal proceedings are commenced "by complaint in like manner as in the district court department." G. L. c. 185C, § 19.[6]

---

[5] See note 3, *supra*.

[6] General Laws c. 185C, § 19, inserted by St. 1978, c. 478, § 92, provides in relevant part: "Proceedings shall be commenced in the housing

The procedure for the commencement of criminal complaints for misdemeanors in the District Court is governed by G. L. c. 218, § 35A.[7] That statute requires the court, absent certain exigent circumstances, to give to the person against whom a complaint is made written notice of the complaint. The exigent circumstances that remove the need for written notice are those involving "an imminent threat of bodily injury, of the commission of a crime or of flight from the commonwealth" by the accused person. The accused person must also be given "an opportunity to be heard . . . in opposition to the issuance of any process based on such complaint." Neither notice nor a hearing is

court department as follows: a criminal case by complaint in like manner as in the district court department . . . . Notwithstanding that a proceeding under this chapter is commenced by complaint, if it is found that the offense charged was not willful, intentional, reckless or repeated, the proceeding shall not be deemed criminal and no record of the case shall be entered in the probation records."

[7] General Laws c. 218, § 35A, as amended through St. 1978, c. 478, § 193, provides: "If a complaint for a misdemeanor is received by a district court, or by a justice, associate justice or special justice thereof, or by a clerk, assistant clerk, temporary clerk or temporary assistant clerk thereof under section thirty-two, thirty-three or thirty-five, as the case may be, the person against whom such complaint is made, shall, if not under arrest for the offence for which the complaint is made, upon request in writing, seasonably made, be given an opportunity to be heard personally or by counsel in opposition to the issuance of any process based on such complaint.

"If such complaint is received, the court, or any of said officers referred to in the preceding paragraph, shall, unless there is an imminent threat of bodily injury, of the commission of a crime or of flight from the commonwealth by the person against whom such complaint is made, give to said person, if not under arrest for the offense for which the complaint is made, notice in writing of such complaint; and said person shall be given an opportunity to be heard in opposition to the issuance of process as provided in the first paragraph. Unless a citation as defined in section one of chapter ninety C has been issued, notice shall also be given of the manner in which he may be heard in opposition as provided herein.

"The court, or said officer thereof, may upon consideration of the evidence cause process to be issued unless there is no probable cause to believe that the person who is the object of the complaint has committed the offense charged.

"The term district court as used in this section shall include the Boston municipal court department."

required if the accused person is already under arrest for the offense on which the complaint is based.

We have been offered no good reason why the "in like manner" language of c. 185C, § 19, should be construed to mean anything other than the plain import of the term: i.e., that the Housing Court, in commencing a criminal proceeding, should follow essentially the same procedure as that outlined for the District Courts in G. L. c. 218, § 35A. From the history of G. L. c. 218, § 35A, it is apparent that the Legislature intended, in most cases involving misdemeanors, for defendants to be given notice and an opportunity to be heard before process issues.[8] Such a system seems particularly appropriate for cases in the Housing Court involving allegations of unsafe or unhealthy living conditions, because "[t]he primary purpose of the [sanitary] code is to prevent violations rather than to punish past violations as criminal offences." *Commonwealth* v. *Haddad*, 364 Mass. 795, 799 (1974). Many criminal cases filed in the Housing Court result in dismissals following the defendant's elimination of the violations.[9] See Snyder, Crime and Community Mediation — The Boston Experience: A Preliminary Report on the Dorchester Urban Court Program, 1978 Wis. L. Rev. 737, 746-747 (noting that "[t]he implicit purpose of the 35A hearings is to enable the court clerk to

---

[8]Before the 1978 amendment, G. L. c. 218, § 35A, reproduced at note 7, consisted of the first paragraph only. In 1945, the Legislature deleted a sentence providing that the failure to afford a hearing to a person requesting one "shall not invalidate any process issued." St. 1945, c. 293. But until the 1978 amendment, only defendants aware of proceedings against them and knowledgeable enough to submit a written request were given a hearing prior to the issuance of process; no provision was made for advising defendants of their right to request a preliminary hearing. The apparent purpose of the 1978 amendment, St. 1978, c. 478, § 193, was to make the preliminary hearing procedure known to all defendants who fit within the terms of the statute.

[9]One of the judges of the Housing Court stated that ninety-five per cent of such cases result in dismissals. *Dulin* v. *Johnson*, Cr. No. 29466 (Boston Division of the Housing Court Dept., October 19, 1979) (dismissing complaint similar to that in the present case for the failure to comply with c. 218, § 35A).

screen a variety of minor criminal or potentially criminal matters out of the criminal justice system through a combination of counseling, discussion, or threat of prosecution . . .").  Informal dispute settlement processes available to the parties, such as referral to a housing specialist for mediation (as was done in this case after process had issued), are likely to be more successful if entered into before the issuance of a summons against the defendant.  See *Dulin* v. *Johnson*, Cr. No. 29466 (Boston Division of the Housing Court Dept., October 19, 1979).  A further reason to hold c. 218, § 35A, applicable to the Housing Court stems from our recognition of the risk of abuse of statutory provisions allowing tenants and other private citizens to bring criminal complaints against landlords.  *Commonwealth* v. *Haddad*, *supra*.  In *Haddad*, we observed that "[t]he danger of harassment is mitigated by [the § 35A requirement] that the person against whom a complaint is made may oppose the issuance of process based on the complaint."  *Id*. at 799.

We conclude, therefore, that G. L. c. 218, § 35A, as amended, is applicable to the Housing Court.  The Housing Court need not "exactly duplicate" the procedure followed in the District Court, however, and hence we answer reported question 1 with a qualified "Yes."  An example of permissible deviation from District Court procedure, offered by the Commonwealth in its brief, is that a complainant in the Housing Court swears out a complaint, while the District Court requires an application for a complaint to issue.  See also G. L. c. 185C, § 7 (mandating that the administrative justice of the Housing Court "shall from time to time make general rules and forms of procedure," to be approved by this court).  Any such minor differences in the complaint procedure between the Housing Court and the District Court are allowable.  Such minor differences aside, the Housing Court must adhere to the notice and hearing procedure set forth in G. L. c. 218, § 35A, and thus we answer "Yes" to reported question 1A, and "No" to reported question 1B.

3. *Questions 2, 3, 3A, and 3B:  Continuing violations of the State Sanitary Code.*  The remaining questions (questions 2, 3, 3A and 3B)[10] all concern the notice and hearing requirements when complaints allege continuing violations of the State Sanitary Code.  The Commonwealth concedes that the Housing Court is required to follow c. 218, § 35A, as a general rule, but asserts that when a complaint alleges a continuing violation of the State Sanitary Code, such as the failure to provide heat in the present case, there is no requirement for notice and a hearing.  To support this assertion, the Commonwealth offers three arguments.  First, the Commonwealth contends that to afford a hearing when continuing code violations are alleged would undercut the policy of providing expeditious relief and "prejudice" the complainant because of the possible delay in securing relief.  The extent to which delay occurs as a result of § 35A hearings, however, is not apparent.  Undoubtedly any hardships suffered from the statutory procedure may be ameliorated by granting priority to such cases in the Housing Court.  Beyond that, efforts at changing the procedure should be addressed to the Legislature.[11]

Two additional arguments against requiring a preliminary hearing in this and similar cases involve interpretation of the exceptions clause of § 35A.  The Commonwealth contends that this case falls within two of the three listed exceptions:  there exists (1) "an imminent threat of bodily injury" and (2) "an imminent threat . . . of the commission of a crime."

We consider the latter exception first.  The Commonwealth contends that the defendants' alleged failure to provide heat for a six-week period violated G. L. c. 186, § 14, providing criminal penalties for a breach of the tenant's

---

[10] See note 3, *supra.*

[11] As noted earlier, the Legislature may well have concluded that hardships in individual cases are outweighed by the need to minimize the danger of harassment and by the value of preserving opportunities for informal settlements prior to the issuance of criminal process.

right to quiet enjoyment of his property. The Common-wealth then argues that because the date on which the heat was provided is not clear, the defendant's conduct constituted an imminent threat of a commission of a crime. This argument is nothing more than an attempt to bootstrap the violation alleged in the complaint into the "commission of a crime" exception. Adoption of such circuitous reasoning would virtually nullify the hearing requirement whenever State Sanitary Code violations are alleged.

Similarly untenable is the Commonwealth's assertion that the failure to supply heat constitutes "an imminent threat of bodily injury." Although both the failure to supply heat of at least 64° and the failure to maintain the premises free of cockroaches are deemed State Sanitary Code violations that "may endanger or impair the [occupant's] health or safety, and well-being," 105 Code Mass. Regs. § 410.750 (F), (O), they are not conditions that, as a matter of law, so threaten bodily injury as to come within the c. 218, § 35A, exception. The three § 35A exceptions (bodily injury, commission of a crime, and flight from the jurisdiction) are aimed at preventing various forms of retaliation by the defendant upon his receipt of notice; their purpose is to avert intentional acts of criminality by the accused person *in addition* to the acts which form the basis of the complaint against him. Any other conclusion presumes the existence of a criminal violation by the defendant and hence presumes the very fact that the criminal process, including the preliminary hearing, is designed to ascertain.

We conclude, therefore, that G. L. c. 218, § 35A, as amended, applies to the Housing Court, regardless of whether a continuing State Sanitary Code violation is alleged. A defendant who fits within the terms of § 35A must be given notice and an opportunity to be heard even if he is accused of continuing code violations, and thus we answer "Yes" to reported question 2. We conclude further that the complaint received by the Housing Court in the case at bar does not, on its face, fall within any exception to the notice and hearing requirements of G. L. c. 218, § 35A. We thus answer "No" to reported questions 3, 3A, and 3B.

4.   In summary, with the qualifications elaborated above, we answer questions 1 and 1A, "Yes" and question 1B, "No"; question 2, "Yes"; and questions 3, 3A and 3B, "No." The case is remanded to the Housing Court of the City of Boston for further proceedings.

*So ordered.*