## COMMONWEALTH *vs.* DAVID L. LYONS.

Middlesex. March 4, 1986. — May 22, 1986.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* Complaint, Motion to suppress. *Evidence,* Illegally obtained material. *Arrest. Constitutional Law,* Search and seizure. *Due Process of Law,* Identification, Issuance of process on criminal complaint. *Words,* "Law of the land."

The fact that the warrant for a defendant's arrest on a misdemeanor charge, although based on probable cause, had been issued in violation of his right to a prior hearing under G. L. c. 218, § 35A, did not entitle the defendant, at his trial on unrelated charges, to the suppression of a witness's identification of him from the police photograph taken at the time of the misdemeanor arrest, where this court did not find an exclusionary rule to be inherent in the purpose of § 35A and where the evidence did not support a finding that the police had intended to circumvent § 35A in order to obtain a photograph of the defendant. [646-649]

INDICTMENTS found and returned in the Superior Court Department on June 19, 1984.

A pretrial motion to suppress evidence was heard by *William G. Young, J.*

An application for an interlocutory appeal was allowed by *Liacos, J.,* in the Supreme Judicial Court for the county of Suffolk and the appeal was reported by him to the Appeals Court. The Supreme Judicial Court on its own initiative transferred the matter from the Appeals Court.

*Elizabeth A. Lunt* for the defendant.

*Margot Botsford,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. Indicted for several crimes arising out of an assault on a woman in Watertown in January, 1984, the defendant appeals from the denial of his pretrial motion to suppress

the woman's in-court and out-of-court identifications of him. See Mass. R. Crim. P. 15 (b) (2), 378 Mass. 882 (1979). The victim first identified the defendant as the man who had assaulted her when, on April 20, 1984, she selected his picture from a photographic array at the Watertown police station. The defendant argues that this identification was the product of an unlawful arrest and must be suppressed.[1] We agree with the motion judge that the identification evidence need not be suppressed.

The unlawful arrest resulted from an incident of indecent exposure which a female security guard at a local business reported to the Bedford police approximately ten weeks after the Watertown incident. The incident came to the attention of a Watertown police detective who was investigating one of a series of rapes in the Watertown area. The next day he asked the Bedford police to provide him with a copy of a photograph of the defendant if he should be arrested and booked. The judge found that this request caused the Bedford police prosecutor to consider the incident more significant than he otherwise would have. On April 6, 1984, the Bedford police prosecutor applied for a complaint and for process to issue from the clerk of the Concord District Court (see G. L. c. 276, § 22 [1984 ed.]) against the defendant on a charge of indecent exposure (G. L. c. 272, § 53 [1984 ed.]). On the application the prosecutor also requested an arrest warrant, which the clerk's office issued the same day without giving the defendant notice or a hearing on the question whether process should issue, as required in the circumstances by G. L. c. 218, § 35A [1984 ed.).[2] The defendant was arrested and routinely photographed.

---

[1] The motion judge ruled that the identification procedures themselves were not unnecessarily suggestive. There is no sound basis for overturning his conclusion in this respect.

[2] Pertinent portions of § 35A read as follows:

"If a complaint for a misdemeanor is received by a district court, or by a justice, . . . or by a clerk . . . thereof . . ., the person against whom such complaint is made, shall, if not under arrest for the offence for which the complaint is made, upon request in writing, seasonably made, be given an

The judge found that a reasonably well-trained police officer executing the arrest warrant would never have suspected an infirmity in any part of the procedure.

On April 17, 1984, a judge in the Concord District Court found sufficient facts to warrant a guilty finding on the indecent exposure charge and, subject to certain terms of probation, continued the case without a finding. About this time, a Bedford police officer sent the defendant's photograph to the Watertown police. The challenged identification of the defendant soon followed.

The defendant's chief contention in this case rests on the conceded fact that, contrary to § 35A, the clerk's office gave the defendant no opportunity to be heard in opposition to the issuance of process on the indecent exposure charge. This omission was purely a statutory violation. The Constitution of the United States does not entitle the defendant to a hearing before process can properly issue on such a complaint. See *Gerstein* v. *Pugh,* 420 U.S. 103, 113 (1975); *Street* v. *Surdyka,* 492 F.2d 368, 371-372 (4th Cir. 1974). Similarly, the Constitution of the Commonwealth grants no such right. We disagree with the motion judge's conclusion that the violation of § 35A contravened art. 12 of the Declaration of Rights. Article 12 provides, in part, that no person shall be arrested except by "the law of the land." The phrase "law of the land" does not refer to the statutory law of the Commonwealth, as it exists from time to time. Rather, it refers, in language found in Magna Charta, to the concept of due process of law. See *Commonwealth* v. *Acen,* 396 Mass. 472, 474-475 (1986); *Pugliese* v. *Commonwealth,* 335 Mass. 471, 475 (1957); *Jones* v.

opportunity to be heard personally or by counsel in opposition to the issuance of any process based on such complaint.

"If such complaint is received, the court, or any of said officers referred to in the preceding paragraph, shall, unless there is an imminent threat of bodily injury, of the commission of a crime or of flight from the commonwealth by the person against whom such complaint is made, give to said person, if not under arrest for the offense for which the complaint is made, notice in writing of such complaint; and said person shall be given opportunity to be heard in opposition to the issuance of process as provided in the first paragraph."

*Robbins,* 8 Gray 329, 342-343 (1857). Due process of law does not require a hearing before process may properly issue on a criminal complaint.

We must decide, then, whether identifications should be excluded if based on a photograph taken following an arrest which, although founded on probable cause, followed a violation of § 35A. There is little doubt on this record that, if the required hearing had been held, process would have issued. On the other hand, although the judge made no finding on the point, the Commonwealth seems to grant that, if a hearing had been held, a summons rather than a warrant would have been issued, and the defendant would probably not have been arrested and photographed. We cannot fairly conclude, therefore, as we did in *Commonwealth* v. *Sheppard,* 394 Mass. 381, 390 (1985), that the defendant was not prejudiced by a statutory violation.

The fundamental question is what consequences the Legislature intended to follow from a violation of § 35A. Section 35A provides no explicit remedy for its violation. Originally enacted in a considerably more modest form (see St. 1943, c. 349), § 35A was designed to encourage informal resolution of private disputes and minor criminal matters. See *Gordon* v. *Fay,* 382 Mass. 64, 69-70 (1980). As now amended (see St. 1945, c. 293; St. 1978, c. 478, § 193), however, § 35A guarantees a potential defendant (barring exigent circumstances) the right to notice and an opportunity to be heard in opposition to issuance of process. *Gordon* v. *Fay, supra* at 69 n.8. We might reasonably infer from the history of § 35A that a defendant may be entitled to dismissal of the complaint where the opportunity for a § 35A hearing as to that complaint has been denied. The procedure could then start anew, and the defendant would have a chance to be heard before process would be issued.

We have on occasion found an exclusionary rule to be inherent in the purpose of a statute which the government has violated. See *Commonwealth* v. *Upton,* 394 Mass. 363, 367 n.4 (1985), where the cases are collected. We have found such a purpose inherent only in statutes closely associated with constitutional rights, rights grounded in fundamental fairness.

The right afforded by § 35A is not closely affiliated with any constitutional guarantee. Its violation carries no substantial risk of lasting prejudice to the defendant, because the complaint process can be commenced again and the defendant can be heard. We decline to atttribute to § 35A an automatic purpose, upon the issuance of process without giving a defendant an opportunity first to be heard, to taint evidence obtained pursuant to the improper process. We are particularly led to such a conclusion where the evidence is objective, such as a photograph. Thus the fact that the defendant's photograph was obtained as a result of an arrest on a warrant issued contrary to § 35A does not by itself require suppression of identifications made on the basis of the photograph. See *People* v. *McInnis,* 6 Cal. 3d 821, 826 (4-3 decision) (suppression of identification not required where photograph, taken after illegal arrest, was fortuitously used to identify defendant as perpetrator of unrelated, previous crime, because there was no evidence that the illegal arrest was exploited), cert. denied, 409 U.S. 1061 (1972); *Simmons* v. *United States,* 364 A.2d 813, 815 (D.C. 1976) (same). See also *Taylor* v. *State,* 92 Nev. 158, 162 (1976) (photographic evidence obtained incident to an illegal search need not be suppressed at trial of subsequent, unrelated crime); 1 W. LaFave, Search and Seizure § 1.3(b), at 45-46 (1978).

There is, however, a further aspect of this case that we should not ignore. It presents a question more of due process than of unreasonable search and seizure. The Watertown police communicated with the Bedford police before the Bedford police sought an arrest warrant and took the photograph. The judge concluded that the Watertown detective's interest in a photograph of the defendant greatly intensified the Bedford police prosecutor's interest in pursuing the indecent exposure charge. On the other hand, as its disposition showed, the indecent exposure charge was a valid one. The Bedford police prosecutor should not have requested an arrest warrant in the first instance because in the circumstances he was not entitled to one, and the magistrate should have complied with § 35A. The judge did not find, however, that the Bedford prosecutor

intentionally violated the defendant's § 35A rights, nor did the defendant present evidence to explain the error of the clerk's office.

Negligent police conduct does not support the exclusion of evidence improperly obtained to the same degree that deliberate wrongful conduct does. See *Commonwealth* v. *Nine Hundred & Ninety-two Dollars,* 383 Mass. 764, 771 (1981). Cf. *Commonwealth* v. *Cote,* 386 Mass. 354, 361 (1982) (suppression required where evidence obtained by intentional police misconduct). The case for applying an exclusionary rule to deter magisterial misconduct is weaker than the case for applying such a rule to police misconduct. See *Commonwealth* v. *Sheppard,* 387 Mass. 488, 505-506 (1982), and *Massachusetts* v. *Sheppard,* 468 U.S. 981, 987-990 (1984), reversing *Commonwealth v. Sheppard, supra.* In the absence of evidence adequate to support a finding that the police intended to circumvent the requirements of § 35A in order to obtain the photograph of the defendant, we see no arguable basis, as a requirement inherent in § 35A or founded on any other ground, for suppressing identifications by the victim based on her viewing of the defendant's photograph. Indeed, the defendant does not argue here that the judge should have made a finding concerning the reason that § 35A was violated or that the police of either municipality intentionally and wrongfully violated the defendant's rights under § 35A.

The order denying the defendant's motion to suppress is affirmed.

*So ordered.*