COMMONWEALTH *vs.* SALVATORE TRIPOLONE.

No. 96-P-1224.

Bristol. October 17, 1997. - November 26, 1997.

Present: ARMSTRONG, GILLERMAN, & JACOBS, JJ.

*Abuse Prevention. Practice, Criminal,* Complaint.

A person named as defendant in a misdemeanor complaint, who is not under arrest, is entitled to notice and a hearing on the issuance of process thereon in accordance with G. L. c. 218, § 35A, and a District Court judge correctly dismissed without prejudice a complaint for violation of a G. L. c. 209A protective order that had issued without such notice and opportunity for hearing. [26-28]

COMPLAINT received and sworn to in the Taunton Division of the District Court Department on August 8, 1995.

The case was heard by *James M. Quinn,* J., on a motion to dismiss.

*Lewis A. Armstead, Jr.,* Assistant District Attorney, for the Commonwealth.

*John L. Holgerson,* Committee for Public Counsel Services, for the defendant.

GILLERMAN, J. The single question before us is whether the defendant was entitled to a hearing pursuant to G. L. c. 218, § 35A,[1] prior to the issuance of a misdemeanor complaint against him for an alleged violation of a G. L. c. 209A abuse

---

[1]General Laws c. 218, § 35A, as amended through St. 1992, c. 188, § 6, provides:

> "If a complaint for a misdemeanor is received by a district court, or by a justice, associate justice or special justice thereof, or by a clerk, assistant clerk, temporary clerk or temporary assistant clerk thereof under section thirty-two, thirty-three or thirty-five, as the case may be, the person against whom such complaint is made, shall, if not under arrest for the offence for which the complaint is made, upon request in writing, seasonably made, *be given an opportunity to be heard* person-

prevention order.[2] We hold that he was entitled to such a hearing, and we affirm the judgment dismissing the complaint.

1. *Background.* The Commonwealth and the defendant filed a statement of agreed facts, which we summarize. On November 9, 1994, an application for a misdemeanor complaint was filed against the defendant. The application alleged that the defendant had made a telephone call to Lesley Kelley (complainant) on November 7, 1994, in violation of an outstanding abuse prevention order (which had issued on July 26, 1994), pursuant to G. L. c. 209A.[3] The following day, a complaint was issued on the application. No hearing was held. The defendant responded to a summons and was arraigned on November 22, 1994.

ally or by counsel in opposition to the issuance of any process based on such complaint.

"If such complaint is received, the court, or any of said officers referred to in the preceding paragraph, shall, unless there is an imminent threat of bodily injury, of the commission of a crime or of flight from the commonwealth by the person against whom such complaint is made, give to said person, if not under arrest for the offense for which the complaint is made, notice in writing of such complaint; and said person *shall be given an opportunity to be heard in opposition to the issuance of process as provided in the first paragraph.* The court or other officer referred to in the preceding paragraph shall consider the named defendant's criminal record and the records contained within the statewide domestic violence record keeping system maintained by the office of the commissioner of probation in determining whether an imminent threat of bodily injury exists. Unless a citation as defined in section one of chapter ninety C has been issued, notice shall also be given of the manner in which he may be heard in opposition as provided herein.

"The court, or said officer thereof, may upon consideration of the evidence cause process to be issued unless there is no probable cause to believe that the person who is the object of the complaint has committed the offense charged.

"The term district court as used in this section shall include the Boston municipal court department" (emphases added).

[2]General Laws c. 209A, § 7, inserted by St. 1983, c. 678, § 5, provides, in part, that any violation of an abuse prevention order "shall be punishable by a fine of not more than five thousand dollars, or by imprisonment for not more than two and one-half years in a house of correction, or by both such fine and imprisonment."

[3]The 209A abuse prevention order ordered the defendant, inter alia, "not to contact the [complainant] . . . by telephone, in writing, or otherwise. . . ."

The defendant moved to dismiss the complaint on December 15, 1994, arguing, in part, that the complaint had issued in violation of his right to a hearing pursuant to G. L. c. 218, § 35A.

After intervening procedural events not material to this opinion, the motion to dismiss was allowed on February 28, 1995, on the ground that the defendant was entitled to a hearing prior to the issuance of the complaint. The Commonwealth did not file a notice of appeal, but after review by the district attorney's office, the Easton police department was directed to seek a new complaint based on the same alleged telephone incident of November 7, 1994.

On August 8, 1995, an application for a misdemeanor complaint was again filed against the defendant. The application was based on the same alleged November 7, 1994, telephone call that had been the basis of the first complaint. The same day, a complaint issued on the application. Again, no hearing was held although the Commonwealth's application for the complaint requested a hearing. The defendant again responded to a summons and was arraigned on August 22, 1995.

On August 25, 1995, the defendant moved to dismiss the second complaint, arguing, in part, that the complaint had issued in violation of his right to a hearing pursuant to G. L. c. 218, § 35A.

After another round of intervening procedural events not material to this opinion, the defendant's motion to dismiss was heard and allowed on August 31, 1995, without prejudice, by the same judge who had heard the first motion to dismiss. The judge adopted the agreed facts, and again he ruled that the defendant was entitled to a hearing pursuant to G. L. c. 218, § 35A, before the complaint issued. He also found, on the basis of the agreed facts, "that the denial of the [Commonwealth's] request for a hearing was based on the court 'policy' and not on any exception included in [G. L. c. 218, § 35A]." The "policy" to which the judge referred was a directive implemented by the First Justice of the Taunton District Court directing the automatic issuance of a complaint without a prior hearing where there has been alleged a violation of a 209A order.[4]

Both the Commonwealth and the defendant appealed. The

---

[4]The directive, issued by the First Justice to the clerk magistrate, dated November 1, 1990, states, in full, as follows:

defendant claimed, and he argues in this court, that the dismissal should be with prejudice.

2. *Discussion.* The Commonwealth argues first that the required review of the defendant's criminal record, see note 1, par. 2, *supra,* "would have shown"[5] the existence of a pending rape indictment in the Bristol Superior Court. The rape indictment is admittedly an afterthought, see note 5, *supra,* which was not argued or considered either when the complaint issued or when the motion to dismiss was argued and allowed. It cannot provide the basis for claiming the availability of the statutory exemption.[6]

The Commonwealth argues that the 1992 amendment to G. L. c. 218, § 35A, St. 1992, c. 188, § 6, requiring the court and named officers to consider the records contained in the Statewide domestic violence record-keeping system maintained by the office of the Commissioner of Probation, demonstrates the Legislature's "will to treat violations of abuse prevention orders as imminent threats to the safety of the individuals involved." Even if true, that history has no bearing on this case, for (i) the judge found, on the basis of the agreed facts, that the complaint in this case issued without a hearing only because of the direc-

---

"In order to expedite the handling of this type of Complaint [i.e., complaints for violation of 209A orders] please implement the following:

"When an application for a Complaint for a violation of a 209A order is received in the Clerk's Office the Complaint should issue forthwith without the necessity of a Show Cause Hearing.     .

"I am satisfied that the prior issuance of a 209A order in conjunction with the allegation of its violation provides sufficient grounds to consider the situation to be an imminent threat of bodily injury.

"Thank you for your cooperation."

[5]Evidence of the pending rape indictment was the subject of a Commonwealth motion, filed in this court for the first time, to expand the record. That indictment was not brought before the judge who allowed the second application for a complaint, and he did not consider it. On the contrary, the judge stated that he considered only those facts appearing in the statement of agreed facts, and there is no reference to the rape indictment in that statement. Thus, the rape indictment was not part of the record in this case, and could not have been included in the appendix even if the motion to expand the record had been presented below. See Mass.R.A.P. 18, 378 Mass. 940 (1979) (appendix is to be prepared from the record in the case).

[6]The motion to expand the record, note 5, *supra,* was first presented to the single justice who allowed the motion "subject to possible further action by the panel assigned to decide the case." For the reasons stated in note 5, *supra,* and in the text, the panel declines to consider the proffered indictment.

tive requiring that result, and (ii) the violation of the abuse prevention order is merely alleged, not shown. The rationale of the directive — that imminent threat of bodily injury is to be *presumed* whenever there is an *allegation* of a violation of a 209A order — conflicts directly with the statutory requirement that there be a hearing unless there is a showing sufficient to satisfy the judge that one of the statutory exceptions is available. The directive is especially pernicious because it precludes consideration of alternative procedures prior to the issuance of criminal process. See *Gordon* v. *Fay*, 382 Mass. 64, 69-70 (1980) ("the implicit purpose of the § 35A hearings is to enable the court clerk to screen a variety of minor criminal or potentially criminal matters out of the criminal justice system through a combination of counseling, discussion, or threat of prosecution").

In this case, then, the statute has been violated.[7] Given the fact that § 35 provides no remedy for the unjustified denial of a hearing, the Supreme Judicial Court in *Commonwealth* v. *Lyons*, 397 Mass. 644, 647 (1986), considered the question, "what consequences the Legislature intended to follow from a violation of § 35A." In the course of its discussion of this issue (in the context of a motion to suppress evidence) the court, after reviewing the statutory history of § 35A, observed that (i) § 35A "guarantees a potential defendant (barring exigent circumstances) the right to notice and an opportunity to be heard in opposition to issuance of process," and (ii) "[w]e might reasonably infer from the history of § 35A that a defendant may be entitled to dismissal of the complaint where the opportunity for a § 35A hearing as to that complaint has been denied. The procedure could then start anew, and the defendant would have a chance to be heard before process

---

[7]Given that the alleged violation of the abuse prevention order occurred on November 7, 1994, and the application for the complaint at issue in these proceedings was not filed until August 8, 1995, seeking a hearing and neither a summons nor an arrest warrant, the Commonwealth can make no claim (as it appears to do) that the statutory exception for "an imminent threat of bodily injury" is available. Moreover, the statement of agreed facts, upon which this case was tried, makes no mention of any such imminent threat. See *Commonwealth* v. *One 1986 Volkswagen GTI Auto.*, 417 Mass. 369, 370 n.1 (1994) ("[t]he theory of law on which by assent a case is tried cannot be disregarded when the case comes before an appellate court for review").

would be issued."[8] *Ibid.* See *Gordon* v. *Fay*, 382 Mass. at 69 n.8.[9]

We conclude that the directive issued to the clerk magistrate in the Taunton District Court is inconsistent with the procedure mandated by § 35A, and that the defendant was unjustifiably deprived of a hearing prior to the issuance of the misdemeanor complaint. Therefore, we affirm the judgment dismissing the complaint, without prejudice.[10]

*So ordered.*

---

[8]The court in *Lyons*, denying the motion to suppress, held that evidence obtained as a result of an unlawful § 35A procedure is not automatically tainted; some significant prejudice arising out of the procedure that occurred must be demonstrated.

[9]The Commonwealth's further argument — that the history of § 35A is evidence of the Legislature's intent to expedite the procedure which brings allegations of violations of 209A orders to the attention of the courts — does not address the issue in this case (whether or not that history is accurately summarized).

Finally, the Commonwealth's argument that abuse prevention orders are impliedly exempt from the hearing requirements of § 35A has no basis in the provisions of that section, and we reject the argument.

[10]We see no basis for dismissing the complaint with prejudice, and the Commonwealth may start the proceedings "anew." See *Lyons, supra* at 647.