COMMONWEALTH *vs.* WILSELINO SALGADO TORRES. No. 97-P-1002. September 2, 1998. *Practice, Criminal,* Motion to suppress. *Search and Seizure,* Warrant, Return.

The defendant appeals from his conviction of trafficking in cocaine, G. L. c. 94C, § 32E (*b*)(2). The sole issue on appeal is whether the omission of a reference on the return of the search warrant to approximately two ounces of cocaine that were seized requires suppression of those drugs.[1]

The judge who heard the motion to suppress found the omission to have been inadvertent, and the defendant does not challenge that finding. Rather, he urges us to adopt a per se rule of exclusion. We have not been referred to any decision that has considered this precise issue. See *Commonwealth* v. *DeMasi*, 362 Mass. 53, 59 (1972).

The statute upon which the defendant relies, G. L. c. 276, § 3A,[2] as appearing in St. 1964, c. 557, § 5, contains no provision for the exclusion of evidence in the event of a violation of its terms. Common law exclusionary rules may be "inherent in the purpose of a statute which the government has violated . . . [but] only in statutes closely associated with constitutional

---

[1]The defendant does not raise any issues that pertain to his remaining convictions of possession of a controlled substance and possession of a firearm or ammunition without a firearm identification card.

[2]General Laws c. 276, § 3A, provides: "Every officer to whom a warrant to search is issued shall return the same to the court by which it was issued as soon as it has been served and in any event not later than seven days from the date of issuance thereof, with a return of his doings thereon; provided, however, that a justice of the superior court may at any time receive complaints and issue search warrants returnable in seven days before a district court named in such warrant and in that event the officer shall make his return to such district court as directed."

rights, rights grounded in fundamental fairness." *Commonwealth* v. *Lyons*, 397 Mass. 644, 647 (1986). Warrant return requirements are not such rights. See *Cady* v. *Dombrowski*, 413 U.S. 433, 449 (1973) (items properly seized but inadvertently omitted from the return give rise to no Federal constitutional question). "Any requirement . . . of an accurate return 'is not closely affiliated with any constitutional guarantee' [*Commonwealth* v. *Lyons*, 397 Mass. 644, 648 (1986)] and can have no practical effect upon a warrant issued on an affidavit clearly establishing probable cause." *Commonwealth* v. *Freiberg*, 405 Mass. 282, 300, cert. denied, 493 U.S. 940 (1989) (return incorrectly stated the time of the search), quoting from *Commonwealth* v. *Aldrich*, 23 Mass. App. Ct. 157, 162-163 (1986) (wrong officer signed the return).

"The 'overwhelming weight of authority,' . . . is to the effect that required warrant return procedures are *ministerial,* and failure to comply therewith is not ground for voiding an otherwise valid search." *Commonwealth* v. *Cromer*, 365 Mass. 519, 521 n.3 (1974), quoting from *United States* v. *Kennedy*, 457 F.2d 63, 67 (10th Cir.), cert. denied, 409 U.S. 864 (1972) (emphasis supplied). See 2 LaFave, Search and Seizure § 4.12(c) (3d ed. 1996). There is no basis for a per se exclusionary rule.

Finally, the defendant has offered no evidence of police misconduct, *Commonwealth* v. *Lyons*, *supra* at 649, nor has he made a showing of prejudice, *Commonwealth* v. *Cromer*, *supra* at 526, as might warrant exclusion of the evidence under principles of due process. The motion to suppress was properly denied.

*Judgments affirmed.*

The case was submitted on briefs.

*Dale E. Bass* for the defendant.

*Jane Davidson Montori* & *Thomas H. Townsend*, Assistant District Attorneys, for the Commonwealth.