COMMONWEALTH vs. GREGORY MARK IRICK.

No. 01-P-188.

Norfolk. January 6, 2003. - May 15, 2003.

Present: GREENBERG, LAURENCE, & GRASSO, JJ.

*Practice, Criminal,* Show cause hearing, Assistance of counsel. *District Court,* Clerk-Magistrate. *Probable Cause. Constitutional Law,* Assistance of counsel.

A clerk-magistrate's failure, prior to issuing criminal process, to afford a criminal accused an "opportunity to be heard in opposition" by means of a "show cause" hearing as required by G. L. c. 218, § 35A, did not, in the circumstances, require dismissal of the complaint or preclude a subsequent prosecution. [131-133]

At a criminal trial, defense counsel's failure to interview two available witnesses and offer their testimony at trial did not amount to ineffective assistance, where the obvious tactical choice not to call additional witnesses and to rely on the accused's explanation for his presence in the vicinity of the crime precluded the accused from now challenging that choice, where counsel aggressively pursued the only realistic defense available (misidentification), and where the testimony of the uncalled witnesses could not have directly exculpated the accused. [133-134]

COMPLAINT received and sworn to in the Brookline Division of the District Court Department on July 8, 1999.

On transfer to the jury session of the Dedham Division, the case was heard by *Thomas A. Connors,* J., and a motion for a new trial, filed on May 15, 2001, was heard by him.

*Paul J. McManus,* Committee for Public Counsel Services, for the defendant.

*Eric Leiter (Frances M. Burns,* Special Assistant District Attorney, with him) for the Commonwealth.

GREENBERG, J. On the morning of a jury-of-six trial, defense

counsel moved to dismiss a disorderly conduct complaint,[1] alleging that there had been no prior "show-cause" hearing as required by G. L. c. 218, § 35A.[2] The motion was denied, and the defendant subsequently was tried and convicted of disorderly conduct. He now appeals, alleging both that the judge erred in denying his motion to suppress and that his trial counsel provided ineffective representation. We affirm.

On the basis of the trial evidence, the jury could have found as follows: about 11:40 P.M., Karen Deming, a twenty-four year old woman, stepped out of her shower and walked into her first-floor bedroom to prepare for bed. A window in the room faced the street, and the shade was not completely down, leaving a four-inch gap at the bottom. Lurking outside and unperceived by her, a man stood close to the window and peeped inside on two separate occasions. Serendipitously, Martha Marvin, a next-door neighbor, glanced out of her kitchen window and saw the man, later identified as the defendant, standing with his back against the side of Deming's house. Twice he turned and looked through the gap in the shade. Marvin called the police and described what she had seen. Within three to five minutes, a police officer spotted the defendant scurrying along Browne Street, a short distance from Deming's apartment. The officer stopped the defendant and questioned him.

The defendant stated that, earlier in the evening, he had been practicing with a band near the New England Conservatory on Boylston Street, and that from there he had decided to visit a female friend who lived in an apartment off Commonwealth Avenue near the scene of the crime. When asked, he could not give the officer the address of his friend and made no mention of his female friend's name. That inability, coupled with his anxious demeanor, was sufficient to arouse the officer's suspicions. Marvin soon appeared and identified the defendant as the man whom she had seen. The officer took no further ac-

---

[1] A motion to dismiss is now the only proper medium for challenging any alleged defect in the proceedings surrounding the issuance of a criminal complaint. See *Commonwealth* v. *DeBennadetto*, 436 Mass. 310, 313 (2002).

[2] Show cause hearings exist to permit an accused person to demonstrate that a criminal complaint and process should not issue because "probable cause" is absent.

tion, and the parties left on their own. The next day, the police applied for a criminal complaint, which immediately issued.

1. General Laws c. 218, § 35A, requires a magistrate who receives an application for the issuance of criminal process to afford the accused an "opportunity to be heard in opposition" unless any of three enumerated exceptions applies. See *Commonwealth* v. *Cote*, 15 Mass. App. Ct. 229, 234-235 (1983).[3] In the instant case, the government conceded that none of the exceptions are implicated. As a condition precedent, the language of the first paragraph of the statute requires that the accused make written request for a so-called "show-cause hearing." The second paragraph delineates the mandatory nature of the hearing and makes a somewhat obtuse reference to the written request requirement by referring to "the issuance of process as provided in the first paragraph." This may account for the confusion in the instant case where the defendant failed to request a show cause hearing. We may reject the defendant's argument on that ground alone. So far as appears from the record, he made no written request for a hearing at any point before the complaint issued. We do, however, recognize that this could have been one of those instances where the alleged offender would have had no reason to anticipate that an applica-

---

[3]The applicable portion of G. L. c. 218, § 35A, reads as follows:

"If a complaint for a misdemeanor is received by a district court, or by a justice, associate justice or special justice thereof, or by a clerk, assistant clerk, temporary clerk or temporary assistant clerk thereof under section thirty-two, thirty-three or thirty-five, as the case may be, the person against whom such complaint is made, shall, if not under arrest for the offence for which the complaint is made, upon request in writing and seasonably made, be given an opportunity to be heard personally or by counsel in opposition to the issuance of any process based on such complaint.

"If such complaint is received, the court, or any of said officers referred to in the preceding paragraph, shall, unless there is an imminent threat of bodily injury, of the commission of a crime or of flight from the commonwealth by the person against whom such complaint is made, give to said person, if not under arrest for the offense for which the complaint is made, notice in writing of such complaint; and said person shall be given an opportunity to be heard in opposition to the issuance of process as provided in the first paragraph."

tion for a complaint would be initiated and, therefore, had no reason to request a show cause hearing unless initially notified of the application by the court.[4]

We are handicapped — and so far as appears from the record, so was the trial judge — by not having been furnished with any explanation of the interactions of the police department and the clerk-magistrate. That, however, is a deficiency that also cuts against the Commonwealth, because, as we observed, this may have been an instance where the defendant had no idea that the criminal complaint machinery had been set into motion. The dilemma posed by this aspect of the case would have been obviated by the clerk-magistrate giving the defendant notice of his rights under § 35A.

We can see no compelling reason, however, to invalidate the complaint because, in any event, there was probable cause to believe that a crime had been committed and that the defendant may have committed it. See District Court Standards of Judicial Practice: The Complaint Procedure, standard 3:17 (1975). Here, the police had interviewed a witness who had first-hand knowledge of the events in question. Nothing that the defendant might have presented at a show cause hearing could have undercut the witness's testimony. As stated in the commentary to the District Court standard 3:17, at a show cause hearing it is not enough for the accused to contradict, or even cast some doubt on, the complainant's statements. Unlike the situation described in *Commonwealth* v. *Tripolone*, 44 Mass. App. Ct. 23, 27 (1997), cited by the defendant as support for his argument here, it does not appear that the magistrate's indifference was deliberate. Further, a show cause hearing, under § 35A, is not constitutionally mandated, and the statute provides no remedy for unjustified denial of a hearing. See *Commonwealth* v. *Lyons*, 397 Mass. 644, 647 (1986). Consequently, we conclude, as we

---

[4]Section 35A actually speaks of receipt of a "complaint" rather than an "application." From the context, "complaint" here seems to mean an accusation of criminal conduct in an application for issuance of process. See *Hobbs* v. *Hills*, 157 Mass. 556 (1893), discussed in District Court Standards of Judicial Practice: The Complaint Procedure, commentary to standard 1:01 *(1975). See also Smith, Criminal Practice and Procedure § 622 (2d ed. 1983 & Supp. 2002)* ("receipt of complaints in statute refers to making of oral allegations to magistrate that are reduced to writing by the court").

did in *Commonwealth* v. *Leger*, 52 Mass. App. Ct. 232, 242 (2001), that had the defendant's motion been "allowed . . . he would be entitled, at most to a dismissal without prejudice, after which the complaint could be filed again and a show-cause hearing then provided." See *Commonwealth* v. *Lyons*, *supra* at 648; *Commonwealth* v. *Tripolone*, *supra* at 28 n.10. Given the sparse allocation of judicial resources, no valid purpose would have been served by a dismissal. Here, the defendant had the benefit of a full trial with jury (and a hearing on his motion for a new trial) which was more than adequate to safeguard the defendant's rights and to ensure that no mischief resulted from the government's failure to comply with the statute. Nothing in the record indicates that the defendant was subjected to an unwarranted prosecution or that the offense could have been diverted by the magistrate to an informal dispute settlement process. See *Gordon* v. *Fay*, 382 Mass. 64, 69-70 (1980). See District Court Standards of Judicial Practice: The Complaint Procedure, standard 3:15 (1975).

2. *Ineffective assistance of counsel.* Contrary to the defendant's claims, his counsel's failure to interview two available witnesses and offer their testimony at trial did not fall below the minimum standard for attorney proficiency set out in *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). Counsel decided that the defendant's unvarnished testimony concerning his whereabouts on the evening in question would be sufficient without corroboration by two interested witnesses, neither of whom could add much to his explanation. One could argue that more meat on the bones of the defense would make it more palatable, but as defense counsel explained at the hearing on his motion for new trial, it would have done more harm than good. This is especially true where the defendant's unsuccessful attempt to find his female friend (one of the witnesses he failed to call at trial) on the evening in question might have skewed the jury against him in this type of case. The obvious tactical choice by counsel not to call additional witnesses and to rely on the defendant's explanation for being in the neighborhood at that hour precludes the defendant from now challenging that

decision. Contrary to the defendant's argument, this case is not like *Commonwealth* v. *Haggerty*, 400 Mass. 437 (1987), where defense counsel failed to investigate the only possible defense open to the defendant. *Id.* at 441-442. Here defense counsel aggressively pursued the only realistic defense available, that of misidentification.

The same judge, who also presided at the jury trial, paid particular attention to the defendant's evidence at the motion hearing. In his copious findings, he concluded that even if the jury had known that the defendant's friend's residence was in the same vicinity as the crime scene and that his walk from Commonwealth Avenue to a taxicab stand on Massachusetts Avenue would have made the cab fare to his home less expensive, neither fact was directly exculpatory. This proffered evidence stands in contrast to that presented in cases in which defendants have prevailed on claims of ineffective assistance of counsel where the uncalled witnesses could have provided eyewitness testimony that would have directly exculpated the accused. See *Commonwealth* v. *Brookins*, 416 Mass. 97, 101-103 (1993); *Commonwealth* v. *Hill*, 432 Mass. 704, 719 (2000). The defendant, having known of the existence of these witnesses prior to trial, may not now complain about corroborative details left out as a result of his deliberate defense stratagem. Accordingly, we discern no judicial error in the denial of his motion for new trial.

The judgment is affirmed, and the order denying the defendant's motion for new trial is affirmed.

*So ordered.*